## Gould v. Bowen *et al.*

1. **Power of attorney:** TRANSFER OF PROMISSORY NOTE. A power of attorney contained the following authority: "for me and in my place and stead to sell, convey and dispose of, any and all property, both personal and real, which I have, or may have, in Delaware county, Iowa, and to give in my name any bill of sale that may be necessary, of personal property, and in my name to give a warranty deed, or otherwise, for any of my real estate sold, and to collect in my name any money now or hereafter to become due to me, and to do all other matters in relation to any of my property or debts which I could do if personally present. Giving and granting," etc. *Held*, that the attorney was thereunder empowered to transfer the title and possession of a promissory note, by indorsement thereof, belonging to his principal. The case of *Whiting* v. *The Western Stage Co.*, distinguished from the present one.

2. —— whether the indorsement would subject the principal to the ordinary liabilities of an indorser, left undecided.

*Appeal from Delaware District Court.*

TUESDAY, OCTOBER 27.

ACTION in detinue for a promissory note. The defendants claim title to the note under an indorsement thereof by S. C. Bowen, as attorney in fact for the plaintiff under a power of attorney. The defendants offered the power of attorney in evidence, for the purpose of proving the authority of the defendant S. C. Bowen to indorse and transfer the note to his co-defendants. It was objected to on the ground that it was immaterial, and that it conferred no such authority. The court overruled the objection and admitted the evidence, and this ruling is the only error assigned. The plaintiff appeals.

*S. G. Van Anda* for the appellant.

No appearance for the appellee.

COLE, J. — The material parts of the power of attorney under which the defendants claim the authority was given to transfer the note in controversy, are as follows: "For me and in my place and stead, to sell, convey and dispose of any and all property both personal and real, which I have or may have in Delaware county, Iowa, and give in my name any bill of sale that may be necessary, of personal property, and in my name to give a warranty deed or otherwise for any of my real estate sold, and to collect in my name any money now or hereafter to become due to me, and to do all other matters in relation to any of my property or debts which I could do, if present. Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever,

*[margin note: POWER OF ATTORNEY: transfer of promissory note.]*

required and necessary to be done in and about the premises, as fully as I might or could do if personally present."

We hold that this language gave the attorney in fact therein named, the authority to transfer the title and possession of the note in controversy to the defendant claiming the same. We need not decide whether the indorsement thereof would subject the principal to all the ordinary liabilities of an indorser, as that question is not necessarily involved in this case. This holding is not in conflict with the doctrine stated in 1 Pars. on Notes and Bills, 106, recognized by this court in the case of *Whiting* v. *The Western Stage Co.* (20 Iowa, 554), that a general authority to transact business, even if it be expressed in words of very wide meaning, will not be held to include the power of making the principal a party to negotiable paper. For, in this case, the attorney in fact was not only empowered to dispose of all personal property and to make bills of sale thereof, but also to do all other matters in relation to the debts of the principal which she could do if present. In other words we hold, that by a fair construction of the power of attorney offered in evidence, the agent was clothed with the power to make the transfer claimed. There was no error, therefore, in admitting the evidence as offered, and the judgment of the District Court is

Affirmed.