WILLIAM WILLIAMS *vs.* BESSIE DUGAN.

Suffolk. November 8, 1913. — May 21, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Agency,* Scope of authority. *Bills and Notes,* Authority to execute.

The power to bind a principal by a promissory note given in his name either must be granted by express words or must be required as a necessary part of the agency created.

The power to borrow money is not within the apparent scope of an agent's authority unless it is granted expressly or is indispensable to the execution of a power actually conferred or is to be implied from a long course of dealing known to the principal.

A woman executed a power of attorney giving the person thus appointed her agent various enumerated powers, including the powers to pay all taxes, to mortgage real estate of the principal in the Commonwealth "and to make, sign and deliver any and all mortgage notes necessary in the premises," and also to mortgage "any and all real estate owned by [the principal] and to make, execute, sign and deliver any and all promissory notes necessary in the premises," but containing otherwise no power to borrow money or to make promissory notes. The agent gave a promissory note of his principal, signed in her name by him as her attorney, for money which he borrowed to pay certain unpaid taxes of his principal, and used a large part of the money for this purpose. The principal did not know that these taxes were unpaid, and believed that

the agent had more than enough of her money on hand to pay all taxes. The principal refused to pay the note. In an action by the lender against the principal on the note, with additional counts for money lent, money paid and money had and received, it was *held,* that the plaintiff was not entitled to recover on any of the counts of his declaration.

CONTRACT for $375 with interest from January 3, 1913. Writ dated January 13, 1913.

The declaration as amended contained five counts. The first count was on a promissory note for $375 dated October 3, 1912, payable to the order of the plaintiff three months after date and signed "Bessie Dugan by Edw Dugan Atty." The second count also was on the note. The third count was for money lent. The fourth count was for money had and received to the plaintiff's use, and the fifth count was for money paid for the defendant's benefit. The answer, besides a general denial, alleged that the note, if made, was made and delivered without authority from the defendant and without her knowledge or consent.

The case was submitted to *Fox,* J., on an agreed statement of facts as set forth in the opinion. The judge found for the plaintiff and ordered judgment accordingly. From the judgment thus entered the defendant appealed.

The case was submitted on briefs.

*N. B. Vanderhoof,* for the defendant.

*W. F. Porter,* for the plaintiff.

RUGG, C. J. The power to borrow money or to execute and deliver promissory notes is one of the most important which a principal can confer upon an agent. It is fraught with great possibilities of financial calamity. It is not lightly to be implied. It either must be granted by express terms or flow as a necessary and inevitable consequence from the nature of the agency actually created.

It was said in *Smith* v. *Cheshire,* 13 Gray, 318, at page 320, "An agent who has authority to pay the debts of his principal, to disburse his moneys, to settle with his creditors, or even to bind him by a contract or agreement to pay money, is not authorized to sign negotiable paper by which his principal will be bound." In *Paige* v. *Stone,* 10 Met. 160, at page 168, is this statement: "The power of binding by promissory negotiable notes can be conferred only by the direct authority of the party to be bound, with

the single exception where, by necessary implication, the duties to be performed cannot be discharged without the exercise of such a power." To the same effect see *Brown* v. *Parker*, 7 Allen, 337; *Exchange Bank* v. *Thrower*, 118 Ga. 433.

There is no essential distinction in this respect between the power to borrow money upon negotiable instruments and the power to borrow money upon a credit manifested by non-negotiable obligations. It is an unusual and extraordinary authority. It is not commonly incident to the relation of principal and agent. The nature and extent of the results to the principal might be as disastrous in the one case as in the other. The substance is the borrowing of money upon the principal's responsibility. The kind of pledge which is given for the money borrowed is incidental to the main matter. The burden imposed upon the principal is no different in kind nor greater in its extent when a negotiable promissory note is given by the agent than when a non-negotiable agreement to repay the money borrowed is given. In *Warren* v. *Pazolt*, 203 Mass. 328, 349, it was held that trustees in whom was vested the legal title to property and the duty of its management had not by inference the right to borrow money. A mere agent without express authorization can have no such power. *Jacobs* v. *Morris*, [1902] 1 Ch. 816. *Bickford* v. *Mener*, 107 N. Y. 490. *Spooner* v. *Thompson*, 48 Vt. 259.

The rule that a principal is held for acts done by the agent within the apparent scope of his authority is not in conflict with this proposition. The borrowing of money is not within the apparent scope of an agent's authority unless directly granted or indispensable to the execution of the power actually conferred or approved by a long course of dealings of such nature as inevitably to have been brought home to the knowledge of the principal. See *Ashley* v. *Dowling*, 203 Mass. 311, 319.

The facts in the case at bar are that the defendant appointed Edward Dugan her attorney in fact by an instrument which authorized him "to sell, take charge of, and control any and all real estate and rights in real estate now or hereafter owned by me; to care for, and manage the same; to execute, acknowledge and deliver any and all deeds, or other instruments in writing which may at any time become necessary or advisable to convey the title thereof; to collect the interest and principal of any mort-

gage now or hereafter held by me, and in case of default to make
an entry of possession, and to foreclose the same by sale or other-
wise; to give deeds and make conveyances under said foreclosure;
to compromise claims arising out of said mortgages or said sale;
to discharge, assign, and partially release any mortgage; to effect
any insurance necessary or proper to protect any property be-
longing to me; to pay all taxes, and other assessments; and in
general to do every act and thing concerning the premises, which
I might myself do if personally present.  It is understood that
the foregoing enumeration of specific powers does not in any way
control, limit, or cut down the general powers herein granted,
or which should have been granted in order to carry out the
purposes hereinbefore expressed.  Hereby granting unto my said
attorney full power and authority to act in and concerning the
premises as fully and effectually as I might do if personally
present."  The defendant gave two other powers of attorney
to the same person, one conferring authority to make, execute,
sign and deliver mortgages of real estate in the Commonwealth
"now owned by me and standing in my name, and to make,
sign and deliver any and all mortgage notes necessary in the
premises," and the other, like authority to mortgage "any and
all real estate owned by me . . . and to make, execute, sign and
deliver any and all promissory notes necessary in the premises."
The plaintiff, relying in part upon these powers of attorney,
and believing that the transaction was with the defendant, lent
the agent $375 upon the representation that the money was needed
for paying the taxes of the defendant, and received therefor a-
negotiable promissory note signed "Bessie Dugan by Edw Dugan
Atty."  A large part of the money was so used.  But the defendant
was in ignorance that the taxes were unpaid, and believed
that the agent had more than sufficient of her money to pay the
taxes.

The general power of attorney is couched in comprehensive
terms.  But no specific authority to borrow money is given.  The
agent is empowered to pay taxes, and respecting the subject
matter has the full power which the defendant herself might have,
with the further stipulation that the enumeration of specific
powers does not cut down the general grant.  But these words
are used with reference to the powers expressly granted and

do not enlarge those powers beyond their fair scope. They fall short of conferring the right to borrow money on the principal's account. These are the general words in substance commonly found in printed blank powers of attorney. See Crocker's Notes on Common Forms, 416, where are shorter but equally comprehensive forms. They relate to matters incidental to the main subject, for which the agency is created, and do not confer new or alien powers.

The agent did not assume to act under the powers of attorney which authorize the execution of mortgages on real estate. The first one expressly is confined to the power to execute "mortgage notes." Manifestly the note in question is not a mortgage note. The power to execute "all promissory notes necessary in the premises" cannot be dissociated from the chief function of the other power of attorney, which was to execute mortgages upon real estate. It did not confer authority to execute promissory notes independent of a mortgage upon real estate. It is not necessary to inquire whether these powers of attorney authorize the borrowing of money on mortgage or simply to perform the technical acts necessary in case the principal should authorize borrowing by way of a mortgage.

It is not necessary to consider whether the plaintiff may have relief in equity under the doctrine of subrogation set forth in *Newell* v. *Hadley*, 206 Mass. 335. It follows that the plaintiff is not entitled to recover upon any of the counts in his declaration. *Foote* v. *Cotting*, 195 Mass. 55.

The case comes before us upon an agreed statement of facts. It therefore is ordered that the entry be

*Judgment reversed and judgment for the defendant.*