# SARA HAMILTON ROLAND

*vs.*

# PEOPLE'S BANK OF SOMERSET COUNTY,
## A CORPORATION.

### *Agency: powers; negotiable paper.*

An agency to represent another to do such acts as were reasonably necessary for the cultivation and the maintenance of a farm and disposal of its products does not include an implied power to sign the name of the principal to a negotiable instrument.                                    p. 220

*Decided March 6th, 1919.*

Appeal from the Circuit Court for Worcester County. In Equity. (BAILEY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRICSOE, THOMAS and URNER, JJ.

*George M. Upshur* and *Horace Hord* (with whom was *Wm. G. Kerbin* on the brief), for the appellant.

*William F. Johnson,* for the appellee.

URNER, J., delivered the opinion of the Court.

The People's Bank of Somerset County filed a creditor's bill for the sale of real estate in Worcester County of which Mary E. Hamilton, the alleged debtor, was seized at the time of her death. The claim of the bank, which the bill sought to

enforce, consisted of a promissory note for the sum of one hundred dollars, payable to its order, and bearing the names of Mary E. Hamilton and F. B. Jones as makers. The only testimony offered to prove the indebtedness was that of the cashier of the bank. He testified that both the names on the note were signed by F. B. Jones, who said that he had authority to sign the name of Mary E. Hamilton as her agent. The witness stated that he did not know Mary E. Hamilton and that the bank never had any communication with her on the subject of the note. Other evidence offered by the plaintiff was to the effect that F. B. Jones was the brother of Mary E. Hamilton and occupied a small farm in Worcester County which he had purchased in her name. The loan from the bank was procured by him, as he informed the cashier, with a view to the purchase of a set of tires for an autotruck which he used in hauling produce from the farm. There was no proof from any source as to any real or apparent authority of Mr. Jones to sign his sister's name to the note except his own statement to that effect. A non-resident daughter of Mrs. Hamilton, as her only heir-at-law, has excepted to the evidence in the case as insufficient to prove that her mother was indebted to the plaintiff, and has appealed on that ground from the decree by which the claim was treated as proven and the real estate of the decedent was directed to be sold.

The principle which controls a question of this nature is well settled. It is that the mere declarations of an alleged agent are not competent and adequate proof of his agency. Before such declarations can be admitted there must be other evidence from which the agency may be inferred. *Wilson* v. *Kelso,* 115 Md. 171; *National Mechanics Bank* v. *National Bank of Baltimore,* 36 Md. 20. In *Oxweld Acetylene Co.* v. *Hughes,* 126 Md. 440, we said: "It is a sound and elementary rule that an agent can not by his own declarations extend his powers beyond their prescribed limits. The attitude of the principal himself must be such as to justify the belief, on the part of a person exercising reasonable prudence, that

the agent is clothed with the requisite authority, before the principal can be held responsible for the agent's undertakings in excess of the powers actually delegated. *Brager* v. *Levy,* 122 Md. 560; 31 *Cyc.* 1331; 2 *Corpus Juris,* 572."

In this case the evidence admits of the inference that Mr. Jones was his sister's agent for the management of her farm. The extent of his apparent authority to represent her in that capacity was to do such acts as were reasonably necessary for the cultivation and maintenance of the farm and the disposal of its products. Such an agency does not include the implied power to sign the name of the principal to a negotiable instrument. The result of the decisions upon this subject is thus stated in 2 *Corpus Juris,* p. 636: "Commercial paper, such as bills, notes, and checks, passes current to a limited extent like money, and accordingly power to an agent to execute or endorse it is to be strictly limited, and will never be lightly inferred, but ordinarily must be conferred expressly. The most comprehensive grant, in general terms, of power to an agent conveys no power to subject the principal to liability upon such paper unless the exercise of such power is so necessary to the accomplishment of the agency that such intent of the principal must be presumed in order to make the power effective. Thus, such power is ordinarily not to be inferred from authority to adjust all the principal's accounts and concerns as he could do in person, or to exchange, buy, sell, collect or lease for the principal, or to collect debts and execute deeds, or from a general authority to manage a business, unless such authority is necessarily implied from the peculiar circumstances of the particular case and is indispensable to the proper execution of the authority granted."

There is nothing in this case to show that the signing of the name of Mrs. Hamilton to the note mentioned in the bill was essential to the proper performance of her brother's apparent agency for the cultivation and control of her land. Upon the remanding of the case it may be possible for the plaintiff to prove that the agent was in fact authorized to

sign the note on behalf of the principal, but no such proof has yet been offered.

Prior to the decree there were filed in the case four open accounts for supplies of various kinds charged as having been sold and delivered to the decedent. Affidavits were attached to two of these accounts, but they were not in the form required by statute to permit of their use as evidence upon which a decree could be rendered. Code, Art. 35, secs. 48 and 49.

The record is also deficient in regard to the description of the property intended to be sold under the decree. The only reference to it in the bill of complaint is the simple averment that the decedent was seized of real estate in Worcester County, Maryland, while the evidence merely describes the property as a farm at Whitesburg in that county. In *Thruston* v. *Minke*, 32 Md. 572, it was held that in a bill for the sale of real estate it is sufficient to give such a general description "as will lead to the identification of the property upon which the decree was intended to operate." This necessary information is not furnished in the present case either by the bill or by the proof.

> *Decree reversed, with costs, and cause remanded for further proceedings.*