(108 So. 367)

SECURITY BANK & TRUST CO. OF MEMPHIS, TENN., v. LANEY. (7 Div. 630.)

(Supreme Court of Alabama. April 1, 1926. Rehearing Denied May 13, 1926.)

1. Appeal and error ⬠1040(7).

Where general issue and plea of non est factum presented only issue submitted to jury, any error in rulings as to pleas eliminated was without injury.

2. Principal and agent ⬠109(1).

Agent's general authority to manage principal's business gives him no implied authority to bind principal by making negotiable paper.

3. Principal and agent ⬠109(1).

Agent's power to execute commercial paper is strictly limited, and ordinarily must be expressly conferred.

4. Husband and wife ⬠235(2)—Implied authority of husband, as general manager of wife's store, to execute notes, or subsequent ratification thereof, held for jury.

Whether husband's authority as general manager of wife's store, to execute notes, could be implied or was subsequently ratified, held for jury, especially where wife denied any knowledge of their execution until demand for payment.

5. Trial ⬠194(12), 253(5)—Instruction that, if wife, after learning of execution of notes in her name by husband under trade building campaign contract by which payee agreed to furnish automobile, continued campaign and demanded that payee furnish car, she ratified execution thereof, held properly refused as invading jury's province, including demand for car, and overlooking agreement to pay note only if car was forthcoming.

In action against wife on notes executed in her name by husband as general manager of her store, pursuant to trade building campaign contract, by which payee agreed to furnish automobile, instruction that, if defendant, after learning of their execution, continued campaign and demanded that payee furnish automobile, she ratified their execution, held properly refused as invading jury's province, including demand for car, and overlooking agreement to pay note only on condition that car was forthcoming.

**6. Trial ☞85—Objection to question to wife as to whether husband "had authority or ever received authority of signing your name to notes" sued on held properly overruled, though first part possibly called for conclusion, since latter part called for statement of fact.**

In suit on notes executed in defendant's name by her husband, objection to question to defendant as to whether husband "had authority or ever received authority of signing your name to notes" *held* properly overruled, though first part of question possibly called for conclusion and question of his authority was for jury; latter part calling for fact, which she could state, as to whether she had given him express authority to sign notes.

**7. Trial ☞85.**

Where part of question to witness is good and part bad, objection, to put trial court in error in overruling it, must separate good from bad.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by the Security Bank & Trust Company of Memphis, Tenn., against L. A. Laney. From a judgment for defendant, plaintiff appeals. Affirmed.

The suit is upon three promissory notes for $500 each, executed to the Preston Motors Company, and assigned to plaintiff. It appears that the notes were given in payment of a "trade building campaign" contract, by which the payee in the notes agreed to furnish an automobile and certain advertising matter and to perform certain services stipulated.

Charge 10, refused to plaintiff, is as follows:

"If the jury believe from the evidence that the defendant, after acquiring knowledge of the execution in her name of the notes sued on, continued to carry on the sales campaign and to demand of the Preston Motors Company to furnish the automobile, then the defendant would be held to have ratified such execution, and cannot obtain any benefit on account of her first plea."

M. M. Smith, of Pell City, and Rudulph & Smith, of Birmingham, for appellant.

The signature of a party to a negotiable instrument may be made by a duly authorized agent, and no particular form of appointment is necessary for the purpose. Code 1923, § 9047. A general agent has authority to transact all of the business of the principal of a particular kind in a particular place. Southern St. F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Dadeville, etc., Co. v. Fertilizer Co., 194 Ala. 685, 69 So. 918; Simpson v. Harris, 174 Ala. 430, 56 So. 968; Clark v. Eufaula Brick Wks., 205 Ala. 545, 88 So. 669; Langham v. Jackson, 211 Ala. 416, 100 So. 757. Appellee's husband had the authority to bind her in the execution of the notes. Wimberly v. Windham, 104 Ala. 409, 16 So. 23, 53 Am. St. Rep. 70; Lytle v. Bank, 121 Ala. 215, 26 So. 6; Wooten v. Fed. Disc. Co., 7 Ala. App. 351, 62 So. 263. The question asked defendant as to whether her husband had authority to sign her name to notes was subject to objection. Clark v. Eufaula Brick Wks., supra. The appellee by her conduct ratified the act of her husband in signing the notes. Jones v. Atkinson, 68 Ala. 167; 2 C. J. 489–513; Hoene v. Pollak, 118 Ala. 617, 24 So. 349, 72 Am. St. Rep. 189; Taylor v. A. & M. Ass'n, 68 Ala. 229.

Percy, Benners & Burr, of Birmingham, for appellee.

Withdrawal or abandonment by a party of any counts or pleas renders without injury any errors committed by the court in reference to such withdrawn or abandoned issues. Southern R. Co. v. Bunt, 131 Ala. 591, 32 So. 507; L. & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699; Stevenson v. Whatley, 161 Ala. 250, 50 So. 41; Mobile L. & R. Co. v. Walsh, 146 Ala. 295, 40 So. 560; Pace v. L. & N. R. Co., 166 Ala. 531, 52 So. 52. An agent has no implied authority to bind his principal by making negotiable paper. 21 R. C. L. 870; 2 C. J. 636; Ala. National Bank v. O'Neil, 128 Ala. 192, 29 So. 688. All material facts must be made known to a principal before he can be held to have ratified an unauthorized act of his agent. 31 Cyc. 1647; Moore v. Ensley, 112 Ala. 228, 20 So. 744; 2 C. J. 476.

ANDERSON, C. J. [1] This was an action on negotiable promissory notes, and several special pleas were interposed, but the record discloses that all pleas except 1 and 3 were withdrawn before the cause was submitted to the jury. Indeed, counsel for the appellant, in their brief, concede that the general issue and the plea of non est factum presented the only issue that was submitted to the jury. This being the case, any rulings made in reference to the pleas that were eliminated if erroneous was error without injury. Southern R. R. v. Bunt, 131 Ala. 591, 32 So. 507; L. & N. R. R. v. Lile, 154 Ala. 556, 45 So. 699; Stevenson v. Whatley, 161 Ala. 250, 50 So. 41; Pace v. L. & N. R. R., 166 Ala. 531, 52 So. 52.

[2, 3] The notes in question were not signed by the defendant, but by her husband, who seems to have been the general manager of her store, and the sole question involved was his authority to sign said notes for her, and which issue was submitted to the jury by the trial court.

"Although an agent may have general authority to manage the principal's business, he has, by virtue of this employment, no implied authority to bind his principal by making negotiable paper. 21 R. C. L. par. 45, p. 870.

"Commercial paper passes current, to a limited extent, like money, and accordingly pow-

er to an agent to execute it is to be strictly limited and will never be lightly inferred, but ordinarily must be conferred expressly. * * * Such power is ordinarily not to be inferred from a general authority to manage a business. 2 C. J. par. 280, p. 636.

" 'An agent to manage a business, cannot mortgage the property used in carrying it on, nor bind his principal by the execution or endorsement of negotiable paper.' Ala. Nat. Bank v. O'Neil, 128 Ala. 192–196, 29 So. 688, 689."

[4] The defendant and her agent both denied any express authority for the execution by him of such a note, and, in the absence of such authority, whether or not it should be implied or was subsequently ratified is ordinarily a question for the jury, especially so in this case, as the defendant's evidence denied any knowledge of the execution of this note until demand was made for the payment of same. The trial court did not therefore err in refusing the general charge for the plaintiff either upon the question of authorization or subsequent ratification.

In the case of Wimberly v. Windham, 104 Ala. 409, 16 So. 23, 53 Am. St. Rep. 70, the agent was acting upon a very broad power of attorney, and was practically authorized to do all acts that the principal could perform. In the cases of Lyle v. Bank of Dothan, 121 Ala. 215, 26 So. 6, and, Wooten v. Federal Discount Co., 7 Ala. App. 351, 62 So. 363, the court held that, under the facts disclosed, it was a question for the jury, both as to the authorization and ratification, and the facts in the latter case were perhaps more favorable to the plaintiff than in the case at bar. In the case of First National Bank of Thomasville v. Gobey, 152 Ala. 517, 44 So. 535, the court held that the authority of the agent to draw the draft was a question for the jury.

[5] There was no error in refusing the plaintiff's requested charge 10. It invades the province of the jury. It also includes a demand for the car, and overlooks the fact that the defendant agreed to pay the note only upon the condition that the car was forthcoming, and may have continued with the sales with the expectation that the car would be sent, and with no intention of ratifying the execution of the notes unless the car was shipped. It was therefore a question for the jury as to whether or not a continuation of the canvass after she found out about the notes amounted to a ratification by the defendant.

Charge 9, if not otherwise faulty, invades the province of the jury, as also does charge Y.

Refused charge C is vague and meaningless as applicable to the issues submitted to the jury.

[6, 7] The defendant was asked, "State if he had authority or ever received authority of signing your name to notes." The first part of this question was possibly a conclusion of the witness, and whether or not he had authority was, under the evidence, a question for the jury. Clark v. Eufaula Brick Works, 205 Ala. 545, 88 So. 669. But the latter part of the question merely meant whether or not she had given him express authority to sign the notes, and was not a conclusion, but a fact which she could state. Where part of the question is good and a part bad it was incumbent upon the objector, in order to put the trial court in error, to have separated the good from the bad by the objection.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.