[Civil No. 4247.   Filed December 16, 1940.]

[108 Pac. (2d) 579.]

J. C. CAMERON and J. C. CAMERON, Doing Business Under the Fictitious Name and Style of SPIDELL MOTOR FREIGHT AND STORAGE SERVICE, Appellants, v. JACK LANIER, Appellee.

Mr. Riney B. Salmon and Mr. J. A. Riggins, Jr., for Appellants.

Mr. Louis L. Wallace, Jr., for Appellee.

LOCKWOOD, J.—Jack Lanier, hereinafter called plaintiff, brought suit against J. C. Cameron, doing business under the fictitious name and style of Spidell Motor Freight and Storage Service, hereinafter called defendant, upon a promissory note for $300 for money loaned defendant. The case came on for trial before the court sitting without a jury, and judgment was rendered in favor of plaintiff, whereupon this appeal was taken.

There are several assignments of error, but we think it necessary to discuss only one, and that is whether the evidence sustains the judgment. The evidence legally competent to the issues of the case, stated as favorably in behalf of plaintiff as it reasonably may be construed, is as follows: On December 17, 1938, defendant Cameron was the owner of a motor service line extending from Kingman to Prescott, Arizona, serving such intermediate points as Seligman, Peach Springs and Valentine, which was operated under the name of Spidell Motor Freight and Storage Service. One Frank Spidell was at that time employed by Cameron as local manager of the business in Kingman. As such manager he was in the habit of collecting accounts of the company and paying its bills in that

place, and carried a bank deposit in Kingman where he was accustomed to deposit the receipts of the business, and from which he was authorized to draw to pay its bills. On the date named plaintiff was an employee of the business under Spidell, his principal duties being to take care of the telephone calls and assist in the bookkeeping. Spidell told plaintiff that he wished to borrow some money to pay off some debts of the business, and plaintiff loaned him the $300 in question, taking from him a note signed "Spidell Motor Freight and Storage Service, by Frank M. Spidell." The money was deposited in the account of the Spidell Motor Freight and Storage Service, and, according to the testimony of Cameron, which was not contradicted, was used to cover a shortage in the accounts of Spidell. There is no evidence of any nature showing that Cameron ever authorized Spidell to borrow any money on his authority or that of the business, and he expressly denied such authority in his testimony.

The leading case in this jurisdiction on the relation of principal and agent, and the authority of the latter, is that of *Brutinel* v. *Nygren,* 17 Ariz. 491, 154 Pac. 1042, L. R. A. 1918F, 713, which has been followed consistently. The rule may be thus stated: A principal is not responsible for a contract which he has neither directly nor indirectly authorized, and when one deals with another, knowing him to be an agent, the burden is upon such person to prove the authority of the agent to perform the act on behalf of the principal. Even a general agent's authority is limited to that which is expressly conferred, broadened by the apparent authority upon which third persons dealing with the agent may rely to do all acts within the ordinary and usual scope of the business which the agent is empowered to transact. Nor can an agency be proved by the acts or declarations of the

agent or a third person. In other words, one relying upon the act of an agent must prove affirmatively the authority of the agent to perform the particular act. This may be done either by showing direct authority or that the agent has the implied authority.

■ In the present case there is no contention that any direct authority ever was shown, but it is urged that Spidell had the implied authority to borrow money and execute a promissory note therefor. The overwhelming weight of authority is that the power of binding a principal by a promissory note can only be conferred by direct authority of the party to be bound, or by necessary implication when the duties which admittedly the agent may perform cannot be discharged without the exercise of such a power. *Williams* v. *Dugan,* 217 Mass. 526, 105 N. E. 615, L. R. A. 1916C, 110; *Paige* v. *Stone,* 10 Metc., Mass., 160, 43 Am. Dec. 420; *Security Bank & Trust Co.* v. *Laney,* 214 Ala. 561, 108 So. 367. The citations could be extended greatly, but these are sufficient to show the rule.

■ We think the evidence wholly failed to show that the nature of the business conducted by Spidell was such that it necessarily carried with it the power to borrow money and bind his principal by a promissory note. Such being the case, the evidence does not sustain the judgment, and it is reversed and the case remanded with instructions to enter judgment for defendant.

ROSS, C. J., and McALISTER, J., concur.