### HAMMOND v. HAYES.
### BAIN v. SAME.
Nos. 5674–A, 5675–A.

District Court of Alaska, First Division. Juneau.
June 13, 1947.

Faulkner & Banfield, of Juneau, for plaintiffs.

H. D. Stabler, of Juneau, for defendant.

FOLTA, District Judge.

These are actions upon promissory notes executed under a power of attorney from the defendant, who has demurred to the complaints and argues in support thereof that the powers conferred by that instrument do not include the authority to make promissory notes.

The power of attorney, which is made a part of the complaint in each case, provides that:

324

"I, Mrs. J. C. Hayes, of Juneau, Alaska, have made, constituted and appointed, and by these presents do make, constitute and appoint Jewel Bain, also known as Mrs. R. O. Bain, residing at 340 Olympic Place, Seattle, Washington, my true and lawful attorney for me, and in my name, place and stead, and for my use and benefit, *to ask, demand, sue for, recover, collect and receive all such sums of money, debts, accounts, and demands whatsoever, as are now or shall hereafter become due, owing, payable or belonging to me;* and have, use and take all lawful ways and means in my name and otherwise for the recovery thereof; and to compromise and agree for the same; and for me, and in my name, to make, seal and deliver acquittances, or other sufficient discharges for the same upon such terms and conditions, and under such covenants, as she shall think fit; and *to make, do and transact all and every kind of business of what nature and kind soever;* and also for me, and in my name, and as my act and deed, to sign, seal, execute, deliver and acknowledge such deeds, leases, covenants, indentures, agreements, bills, bonds, and such other instruments in writing of whatever kind and nature as may be necessary or proper in the premises.

"Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, hereby ratifying and confirming all that my said attorney shall lawfully do, or cause to be done, by virtue of these presents."

The powers expressly granted are the specific power in the first clause and the general and comprehensive power in the second clause which are underscored, the remaining powers being merely incidental to these two. It is obvious that if the power to execute a note exists it must be by virtue of the second clause empowering the agent to "make, do and transact all and every kind of business of what nature and kind soever."

Section 2519, C.L.A.1933, provides that: "The signature of any party may be made by a duly authorized agent. No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency."

■■ The question presented, then, is whether this general power, which is apparently broad enough to enable the agent to manage or operate the business of the defendant at Seattle, whatever it may be, includes by necessary implication the authority to execute promissory notes. The rule is stated in 2 C.J. 636, section 280, 2 C.J.S., Agency, § 112, as follows: "Commercial paper, such as bills, notes, and checks, passes current to a limited extent like money, and accordingly power to an agent to execute or indorse it is to be strictly limited, and will never be lightly inferred, but ordinarily must be conferred expressly. The most comprehensive grant, in general terms, of power to an agent conveys no power to subject the principal to liability upon such paper unless the exercise of such power is so necessary to the accomplishment of the agency that such intent of the principal must be presumed in order to make the power effectual. Thus such power is ordinarily not to be inferred from authority to adjust all the principal's accounts and concerns as he could do in person, or to exchange, buy, sell, collect, or loan for the principal, or to collect debts and execute deeds, or from a general authority to manage a business, unless such authority is necessarily implied from the peculiar circumstances of the particular case and is indispensable to the proper execution of the authority granted."

■ An examination of the authorities cited there and elsewhere discloses that express authority to manage a business or other enterprise does not include authority to execute or indorse negotiable instruments. Williams v. Dugan, 217 Mass. 526, 105 N.E. 615, L.R.A.1916C, 110; Colinsky v. Allison, 114 Cal. 458, 46 P. 295; Security Bank & Trust Co. of Memphis, Tenn., v. Lanly, 214 Ala. 561, 108 So. 367; Porges v. United States Mortgage & Trust Co., 203 N.Y.

181, 96 N.W. 424; LaFourche Transp. Co. v. Pugh, 52 La.Ann. 1517, 27 So. 958; Connell v. McLoughlin, 28 Or. 230, 42 P. 218; Kory v. East Arkansas Lbr. Co., 181 Ark. 478, 26 S.W.2d 896; Roland v. People's Bank of Sommerset County, 134 Md. 218, 106 A. 570; American Trust & Savings Bank of Waterloo v. De Jaeger, 191 Iowa 758, 183 N.W. 369; Jackson Paper Mfg. Co. v. Commercial Nat. Bank, 199 Ill. 151, 65 N.E. 136, 59 L.R.A. 657, 93 Am.St. Rep. 113; Smith v. Thomson, 203 Wis. 56, 233 N.W. 576.

In Coleman v. Seattle Nat. Bank, 109 Wash. 80, 186 P. 275, 12 A.L.R. 108, and Kern, Inc., v. Panos, La.App., 177 So. 432, 433, the power granted, like that in the case at bar, "to transact any and all business," was held not to include the execution or indorsement of negotiable instruments. Diligent search has failed to reveal more than three cases to the contrary. Gould v. Bowen, 26 Iowa 77, which would appear to be overruled by American Trust & Savings Bank of Waterloo v. De Jaeger, supra.; Presnall v. McLeary, Tex.Civ.App., 50 S.W. 1066; and First Nat. Bank of Coos Bay v. Henry, 30 N.D. 324, 152 N.W. 668.

■ Since no facts are alleged in the complaints from which it could be inferred that the execution of these notes was indispensable to the exercise of the express powers conferred, or that there was apparent or implied authority to do so, or a ratification, it is my opinion that the demurrers should be sustained and it is so ordered.