Hely, J.
The First Amended Verified Complaint alleges negligence, breach of contract and a violation of G.L.c. 93A by the defendant annuity company, American Skandia Life Assurance Corp., for relying on broad powers of attorney executed by the plaintiff and her husband as part of their estate planning. The powers of attorney were granted by the plaintiff and her husband to the plaintiffs stepdaughter. Under the authority of the powers of attorney, the stepdaughter instructed the annuity company first to make certain changes in the annuity contract and later to pay her the death benefit as the beneficiary under the annuity contract. The First Amended Verified Complaint fails to state a claim against American Skandia Life Assurance Corporation upon which relief can be granted.
Claims of negligence and breach of contract must be based upon a breach of a legal duty owed by the defendant to the plaintiff. An annuity or insurance company generally has the right to rely on a power of attorney that was executed by the owner of an annuity contract if the power of attorney includes the broad authority to act for the principal regarding her real and personal property.
The powers of attorney in this case are attached as part of the amended complaint. The complaint admits that the owners, the plaintiff and her husband, signed the powers of attorney. The powers of attorney gave the agent the authority “to be my true and lawful Attorney for me and in my name and in my behalf to take care of my property and estate, real and personal, particularly bank accounts and certificates ...” The powers of attorney also included the following partic *323 ular powers “without limiting the generality of the above”:
1. To ask, demand, receive and receipt for all money or property due or to become due to me.
8. To draw on any IRA, 40IK, or other retirement plan which I may have, if necessary in her judgment, for my care, maintenance and benefit.
10. To collect any and all claims and demands of every nature and description which I may now or hereafter have . . .
I give unto my said Attorney full power and authority to act in and concerning the foregoing matters as fully and completely as I might do if personally present.
These powers include the authority to make the changes in the annuity contract regarding the ownership, annuitant and beneficiary and to claim the death benefit. The authority to make such changes to an annuity contract and to claim a payment benefit are included within the powers to “take care of my property and estate, real and personal,” to “demand, [and] receive ... all money or property due or to become due to me,” and to “collect any and all claims and demands of every nature which I may now or hereafter have.”
Powers of attorney must be strictly construed (Gagnon v. Coombs, 39 Mass.App.Ct. 144, 158 (1995)), but the court cannot ignore the broad grants of authority in the documents themselves. See Guardianship of Smith, 43 Mass.App.Ct. 493, 499 (1997) (where principal has nominated his guardian by a durable power of attorney trader G.L.c. 201B, the court in protective proceedings must appoint the person nominated in the power, except for good cause or disqualification). This is not a case of borrowing money when the power of attorney gave the agent no such authority. Williams v. Dugan, 217 Mass. 526, 528 (1914) (“The borrowing of money is not within the apparent scope of an agent’s authority unless directly granted or indispensable to the execution of the power actually conferred . . ."). Moreover, the present motion concerns only the reliance by an annuity company upon the power of attorney documents presented by the agent and the attorney for the agent. Unlike the situation in Gagnon v. Coombs, supra, the present motion does not address a dispute between a principal and a faithless servant who had actual notice of the principal’s restriction on her authority.
Assuming the truth of the facts alleged in the complaint, the annuity company did not act unreasonably or breach any duty to the plaintiff by relying on the broad powers of attorney in this case. As a matter of law, the annuity company had no legal duty to the persons who executed the powers of attorney to investigate whether the agent was breaching a fiduciary duty to the principals. The facts alleged in the amended complaint are insufficient as a matter of law to support a claim of negligence, breach of contract or unfair or deceptive conduct by the annuity company.[1]
ORDER
The claims against defendant American Skandia Life Assurance Corporation are dismissed.

 The docket entries and clerk’s papers state that there has already been a dismissal of the claims against American Skandia due to lack of proof of service of process. The plaintiff has since filed an affidavit regarding the service of process, and it now appears that service was timely and proper. The prior dismissal is now moot, and the court has not considered it in any way against the plaintiff.