# First National Bank of Thomasville *v.* Gobey.

## *Attachment.*

(Decided July 2, 1907. 44 South. 535.)

1. *Attachment; Amendment.*—Where the affidavit and writ sued out was against the Whatley Saw Mill Co., it was properly amended to make the action against Gobey doing business as the Whatley Saw Mill Co., the complaint filed following the amendment.

2. *Principal and Agent; Evidence.*—The fact that one L. drew money through plaintiff's bank on draft drawn by him as manager of the Whatley Saw Mill Co., on other parties; that he had drawn similar drafts on Gobey or his said company, which were paid, and that money, or part of it, was used by Gobey or by L. in the business of the saw mill together with the fact that Gobey owned the mill and that L. was the general manager, was sufficient to carry to the jury the question as to whether L. was the general agent of Gobey, and authorized to draw the draft and receive the money on it.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the First National Bank of Thomasville, Ala., against John R. Gobey, doing business as the Whatley Sawmill. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

The bank sued out an attachment against John R. Gobey, doing business, etc., and had the same levied on certain property as the property of Gobey. The other facts are sufficiently stated in the opinion of the court. There was some dispute as to the ownership of the What-ley Sawmill, and in this connection a deed was offered by plaintiff from Frank S. Green to John R. Gobey, con-veying certain sawmill fixtures and appliances and cer-tain lands which deed was duly filed for record and re-corded. The defendant objected to the deed, and the court sustained the objection. At the conclusion of the testimony the court gave the general affirmative charge for the defendant.

WILLIAM J. JACKSON, for appellant. The court erred in excluding the word "He was the agent and had au-thority to draw such draft," as no objection was made to the question when asked, and the answer was respon-sive, so the objection came too late.—*Downey v. The State,* 115 Ala. 108; *Hudson v. The State,* 137 Ala. 64; *Southern C. & C. Co. v. Swinney,* 42 South. 809. Other evidence having been introduced from which authority might have been inferred, plaintiff had a right to go further and introduce the statement of the agent.—*Ea-gle Iron Co. v. Baugh,* 41 South. 663. Both principal and agent being out the state plantiff should have been allowed to prove the contract between them by the ste-nographer who drew and witnessed the contract.—*Potts v. Coleman,* 86 Ala. 94. The court erred in sustaining

objection to the introduction of the conveyance from Green to Gobey, as the attachment was against the non-resident and Gobey individually as well as the firm.— *Ex parte Nicrosi,* 103 Ala. 106; *Hass v. Cook,* 41 South. 731; Sec. 40, Code 1896. The deed was admissible to show color of title.—*Smith v. Keyser,* 113 Ala. 455. The court erred in giving the general affirmative charge for defendant.—*Syndicate Ins. Co. v. Catchings,* 104 Ala. 188; 127 Ala. 137; 78 Ala. 373; 94 Ala. 346; 133 Ala. 482.

WILSON & ALDRIDGE, and WILSON & MARTIN, for appellee. The court did not err in excluding evidence as to the agency of L.. If the concern was deemed a partnership Gobey, individually, could only be bound by the payment of the draft on the theory that he was a member of the firm.—*Noble v. Lipes,* 82 Ala. 322; 4 Mayf. 387. If a partnership could be presumed, the members of the partnership could not be bound unless the payment of the draft was within the scope of the partnership business.—22 A. & E. Ency. of Law, 144; *Clarke v. Taylor,* 68 Ala. 453; *Humes v. O'Brien,* 74 Ala. 64. Before a supposed princpal can be bound by the acts of the agent, the complaining party must act on the belief that the act was authorized and such belief must be warranted by the acts or admissions of the supposed principal.—Authorities supra. It is alleged in the complaint that defendant did business under the name of the Whatley Saw Mill Co., and there being no evidence to sustain this allegaton the general charge in behalf of defendant was warranted.—33 Ala. 255; *Gilmer v. Wallace,* 75 Ala. 220; *Mudge v. Treatt,* 57 Ala. 1; 76 Ala. 466; 94 Ala. 199; 9 Ency. of Evi. 538.

TYSON, C. J.—This action was commenced by attachment against "the Whatley Sawmill Company."

The affidavit and writ was subsequently amended, so as to make the action against "John R. Gobey, doing business in Clarke County, Alabama under the name and style of Whatley Sawmill." This was permissible under *Ex parte Nicrosi,* 103 Ala. 104, 15 South. 507.

The complaint filed in the cause followed the amendment, and claimed of the defendant, Gobey, $550, due by account, for money loaned, and for money paid by plaintiff for defendant at his request, etc. There was an appearance by defendant, and the plea of the general issue was interposed by him to the complaint. Gobey was and is a nonresident of the state, residing in the city of Columbus, in the state of Ohio.

It is made to appear by the testimony that one Lindsey got the money from the plaintiff bank upon a draft drawn by him as manager of the "Whatley Sawmill" upon John R. Gobey & Co., of Columbus, Ohio. The testimony also tends to show that Lindsey was the general manager of the "Whatley Sawmill," and that he had drawn similar drafts in favor of divers other persons, upon John R. Gobey or his concern in Columbus, which were paid. It was also open to the jury to find that the money, or some part of the money, that Lindsey got of plaintiff, was used by him in the business conducted by him as managing agent. Such being some of the tendencies of the testimony, whether Lindsey was defendant's managing agent and authorized to draw the draft and receive the money upon it was a question for the determination of the jury.—4 Mayfield's Dig. pp. 525, 526, §§ 74, 81.

The deed from Green to the defendant, conveying the sawmill plant, should have been admitted in evidence.

Reversed and remanded.

HARALSON, SIMSPSON, and DENSON, JJ., concur.