(95 South. 30)

**MAY et al. v. CLANTON.** (8 Div. 488.)

(Supreme Court of Alabama. Dec. 14, 1922.)

1. **Process** ☞140 — Sheriff cannot determine capacity in which defendant is sued, nor by his return give authority or direction to pleadings.

Where a defendant is not suable in the name described in the summons and complaint, namely, the Home Steam Laundry, and the sheriff's return indorsed on the summons read, "I have executed the within by handing a copy of same to Home Steam Laundry, served on C., manager," etc., *held*, the sheriff could not determine the capacity in which the so-called defendant was sued, nor by his return give authority or direction to the pleadings in the cause.

2. **Judgment** ☞244—Sheriffs and constables ☞138(2)—Judgment obtained against non-suable entity held void, not operative against its general manager, and parol evidence not admissible to show general manager's connection with business.

Where a judgment is recovered in the name of and only against a so-called defendant, Home Steam Laundry, a nonsuable entity, the judgment does not only not operate against its general manager, C., but is void, and no parol evidence in an action by plaintiff, general manager, against the sheriff for damages for levying execution on the judgment against his automobile, is admissible to show plaintiff's identity with the business as general manager.

3. **Parties** ☞67—To enforce obligation incurred by business artificially designated and not a corporation, action should be brought in name of person liable for obligations incurred.

Where the Home Steam Laundry, not a corporation and not suable as a partnership, under Code 1907, § 2506, is merely a business conducted by the general manager, he is liable for all obligations incurred in the prosecution of that business; but to enforce any such obligation suit must be brought against him in the only name by which he appears to have been known, and not in the artificial name of the business he conducted.

4. **Parties** ☞67—Statute authorizing partnership to be sued in common name not applicable to business artificially designated and not a corporation.

Code 1907, § 2506, providing that partnerships may be sued in their common name, does not authorize a suit against a party in the name only of an artificially designated business which he may use to identify, not himself, but his business.

Gardner, J., dissenting.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action by W. L. Clanton against J. V. May and the National Surety Company for damages for the wrongful taking of an automobile. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Wert & Hutson, of Decatur, for appellants.

A judgment against a partnership, whether or not setting out the name of the partners, is valid. 193 Ala. 79, 69 South. 82; 29 Cyc. 270; 122 Ala. 446, 26 South. 115; 32 Neb. 242, 49 N. W. 223, 29 Am. St. Rep. 433. A person may adopt any name, style, or signature wholly different from his own name, by which he may transact business, execute contracts issue negotiable papers, and sue and be sued. 44 Okl. 437, 144 Pac. 1024, L. R. A. 1915D, 982; 72 Misc. Rep. 530, 131 N. Y. Supp. 980.

Eyster & Eyster, of Albany, for appellee.

A judgment rendered against one who is not made a party to the suit is absolutely void. 1 Black on Judg. § 219. The judgment having been against the Home Steam Laundry, the plaintiff was not entitled to have an execution issued against W. L. Clanton. 161 Mass. 135, 36 N. E. 800, 42 Am. St. Rep. 399; 61 Minn. 353, 63 N. W. 737, 52 Am. St. Rep. 604.

SAYRE, J. [1] Plaintiff (appellee) stated his cause of action in several different counts. He sought to recover of the sheriff and his official bondsmen damages for taking an automobile, the property of plaintiff, under process against the Home Steam Laundry. This process, an execution, had issued in a cause entitled H. & O. Reno, a partnership composed of Harry D. and Harry O. Reno, versus Home Steam Laundry; defendant in that cause not being otherwise described in the summons and complaint or judgment. The service in that cause was shown by the sheriff's return indorsed on the summons as follows:

"I have executed the within by handing a copy of the same to Home Steam Laundry, served on Walter L. Clanton, manager, this 23d day of February, 1920. J. V. May, Sheriff, by T. W. McGuthra, Deputy Sheriff."

The record of that cause showed a judgment by default. On the trial of the pending cause the court held the judgment in the former cause void and gave the general charge for plaintiff, leaving the jury to assess damages.

We have quoted the sheriff's return in order that appellant may have the record to show a full statement of his case; but the court is of opinion that it was not for the sheriff to determine the capacity in which the so-called defendant was sued, or by his return to give authority or direction to the pleadings in the cause. Ferrell v. Ross, 200 Ala. 90, 75 South. 466.

[2-4] The record of the former action showed no judgment against the plaintiff in this.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff was not named as a defendant and there could be no judgment against him. This results, we think, from familiar principles. Had the former suit been brought against a suable entity, perhaps parol evidence would have been admissible to show his identity with this plaintiff. Tarleton v. Pollard, 25 Ala. 300, 60 Am. Dec. 515. But it does not appear that Home Steam Laundry was a suable entity. Home Steam Laundry was, we may assume, merely the name of a business conducted by plaintiff. Plaintiff was liable for all obligations incurred in the prosecution of that business; but, to enforce any such obligation, suit should have been brought against plaintiff in the only name by which he appears to have been known. Defendant quotes the text of 29 Cyc. 270, in the note to which our case of Carlisle v. People's Bank, 122 Ala. 446, 26 South. 115, is cited along with some others; but the cases do not sustain the proposition that a party may be sued in the name only of any artificial designation he may use to identify his business, not himself. Nor does Wahouma Drug Co. v. Clay, 193 Ala. 79, 69 South. 82, sustain plaintiff's position in this cause. The decision in that case was placed upon the conclusion that the name imported a partnership and section 2506 of the Code providing that partnerships may be sued in their common name. But that decision, conceding its soundness, has no application in this case, for it is not sought to bind defendant as a partner. Nor was Home Steam Laundry a corporation.

Affirmed.

All the Justices concur, except GARDNER, J., who dissents.