*W. T. Lane,* for plaintiff in error.

*R. L. LeSueur, J. A. Hixon,* contra.

## 21028. NEWSOM *v.* REYNOLDS CHEVROLET COMPANY.

BELL, J. 1. A suit brought by petition as "the petition of the Reynolds Chevrolet Company, a trade name used by W. E. Marshall," was manifestly intended as a suit by such individual in his trade name, and as to the party plaintiff was good in substance and not subject to general demurrer upon the ground that it did not appear to have been brought in the name of any person as plaintiff. See *Bremen Foundry & Machine Works* v. *McLendon,* 19 *Ga. App.* 650 (91 S. E. 1049); *Farmers & Merchants Bank* v. *Farkas,* 27 *Ga. App.* 153 (107 S. E. 610), in which cases the principle underlying such cases as *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978), is explained and distinguished. See also *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4) (124 S. E. 169, 900); *Becker* v. *Truitt,* 39 *Ga. App.* 286 (2) (146 S. E. 654).

2. A recital in a written contract of sale of personalty that a specified amount of the purchase-money was paid in cash on or before delivery of the property, leaving a stated balance to be covered by notes for installments of so much per month, was subject to inquiry and explanation to the extent of showing that what was described as the initial payment was not in fact received, but was charged to the account of the purchaser as a subsisting and unconditional liability. Civil Code (1910), §§ 4179, 4188, 5795; *Thrower* v. *Baker,* 144 *Ga.* 372 (87 S. E. 301); *Coles* v. *Mozley,* 148 *Ga.* 21 (95 S. E. 963); *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217).

3. The fact that the defendant testified, without dispute, that the plaintiff's agent had made certain admissions, which if given full effect as representing the truth of the case might have demanded a verdict for the defendant, did not as a matter of law require such a finding by the jury, where the defendant's testimony in regard to other material matters was contradicted by the evidence for the plaintiff. In such case the credibility of the defendant's testimony was in whole a matter to be determined by the jury, who, in view of the other material conflicts in the testimony, were not even required to find that the admissions had been made as claimed. Civil Code (1910), §§ 5883, 5884; *Payne* v. *Reese,* 28 *Ga. App.* 180 (110 S. E. 740); *Glenn* v. *Augusta Railway & Electric Co.,* 121 *Ga.* 80 (48 S. E. 684).

4. The evidence authorized a finding in favor of the plaintiff's contention that the defendant was due a certain amount as an unpaid portion of the purchase-money, and against the contention of the defendant that other property had been accepted in exchange by the plaintiff in lieu of cash for this amount. The evidence authorized the verdict, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 16, 1931,

*Homer Beeland, Dan S. Beeland,* for plaintiff in error.
*C. W. Foy, C. B. Marshall,* contra.