31769. McCall *v.* Kliros *et al.*

Felton, J. A judgment rendered against a person in his assumed or trade name is not void. *Eslinger* v. *Herndon,* 158 *Ga.* 823 (124 S. E. 169). A judgment against one in an assumed or trade name is a judgment against him as an individual. *Becker* v. *Truitt,* 170 *Ga.* 757 (154 S. E. 262); *Newsome* v. *Reynolds Chevrolet Co.,* 43 *Ga. App.* 376 (158 S. E.

763). A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. Code; §110-501. Where a judgment is rendered against "College Tavern," and the return of service stated, "I have this day served Summons of Garnishment . . on College Park Tavern by serving same on Mrs. Helen McCall its_____and personally in charge of the office and place of business at the time of service," it will be presumed, in view of the judgment, that the original summons was directed to "College Tavern" and that the entry of service on "College Park Tavern" was merely a misnomer and cured by the judgment (*Merchants Grocery Co.* v. *Albany Hardware &c. Supply Co.*, 44 *Ga. App.* 112, 160 S. E. 658), and in such a case an allowance of amendments to the judgment and. the entry of service so as to make the judgment read, "Mrs. Helen McCall, trading as College Tavern," and the entry of service to read likewise was harmless, even where the amendments were allowed at a term subsequently to that at which the judgment was rendered, in the absence of a showing by the garnishee that the judgment was void by reason of the original summons of garnishment not having been directed to her in her trade name and served upon her personally.

The court did not err in any of the rulings complained of.

> *Judgment affirmed. Sutton, C. J., and Parker, J., concur.*

DECIDED NOVEMBER 1, 1947.

*Allen, Harris & Henson,* for plaintiff in error.
*F. L. Eyles,* contra.