40840. SAMPLES v. GEORGIA MUTUAL INSURANCE COMPANY.

298

DECIDED SEPTEMBER 22, 1964.

*Stewart, Sartain & Carey, Jack M. Carey, Merritt & Pruitt, J. Ray Merritt,* for plaintiff in error.

*W. Howard Fowler, Smith, Ringel, Martin, Ansley & Carr, Sam F. Lowe, Jr., Edward F. Kern,* contra.

HALL, Judge. The only issue is whether the automobile the plaintiff was driving when the collision occurred, which had been purchased in a trade name in which her husband individually owned and operated a business and in which the State had issued automobile dealer master tags to him, was "not owned by the named insured or [her] spouse." We have not found a decision of any court on substantially the same facts. Cf. St. Paul Mercury Indem. Co. v. Heflin, 137 FSupp. 520, 523 (under a policy issued to an individual, a substitute vehicle owned by a partnership of which the named insured was a member was held "not owned by" the named insured) ; United States Fire Ins. Co.

v. Hodges, 275 Ala. 243 (154 S2d 3) (when title to insured property was in a corporation, property was not owned by individual who owned 77% of stock of corporation).

A trade name is merely a name assumed or used by a person recognized as a legal entity. *Charles v. Valdosta Foundry &c. Co.*, 4 Ga. App. 733 (62 SE 493); *Farmers &c. Bank v. Farkas*, 27 Ga. App. 153 (107 SE 610); *Newsom v. Reynolds Chevrolet Co.*, 43 Ga. App. 376 (158 SE 763). A judgment against one in an assumed or trade name is a judgment against him as an individual. *Becker v. Truitt*, 170 Ga. 757 (154 SE 262); *McCall v. Kliros*, 76 Ga. App. 89 (45 SE2d 72). "An undertaking by an individual in a fictitious or trade name is the obligation of the individual." *National Cash Register Co. v. Sikes*, 94 Ga. App. 391, 392 (94 SE2d 782). The fact that the plaintiff's husband purchased this automobile in the name that he used in doing business does not contradict the fact that he owned the automobile as an individual.

In an automobile liability policy "the term ownership should be construed as defined in statutes dealing with titles to automobiles." 7 Appleman, Insurance Law and Practice, 138, § 4313. Though the Georgia Motor Vehicle Certificate of Title Act (*Code Ann. Ch.* 68-4A) had not become effective at the time of the incident precipitating this suit, we note that the Act contains the following definitions: "(g) 'Owner' means a person, other than a lienholder, having the property in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security. (h) 'Person' means a natural person, firm, copartnership, association, or corporation." *Code Ann.* § 68-402a. Under this statute the owner of an automobile must necessarily be a natural person, firm, copartnership, association, or corporation. Hal Samples (the plaintiff's husband) doing business in the trade name Hal Samples Used Cars could be none of these except a natural person.

It has been stated, "The provision for coverage of a substituted vehicle 'is for the insured's benefit' and is to be 'construed liberally in favor of the insured, if any construction is necessary.' (Farley v. American Auto Ins. Co. (W. Va. 1952) [137 W. Va.

455] 72 SE2d 520, 521 [34 ALR2d 933]). And the purpose of a substitution clause is not to narrowly limit or defeat coverage, but to make the coverage reasonably definite as to the vehicle the insured intended normally to use, while at the same time permitting him to continue driving should the particular vehicle named be temporarily out of commission, thus enabling the insurer to issue a policy upon a rate fair to both insured and insurer, rather than one at a prohibitive premium for blanket coverage of any and all vehicles which the insured might own or operate." Allstate Ins. Co. v. Roberts, 156 Cal. App. 2d 755 (320 P2d 90). But it does not seem that the question whether the substitute automobile was owned by the insured's spouse involves construction of the policy.

We hold that under this automobile liability policy naming a wife as the insured, covering the automobile described in the policy or a temporary substitute automobile, defined as "an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction," an automobile that had been purchased in a trade name in which the insured's husband individually owned and operated a business and in which name the State had issued automobile dealer master tags to him, was not an automobile "not owned by the named insured or [her] spouse."

The other questions raised by the plaintiff's assignments of error are moot.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*