253 So.2d 326

**R. E. BOX Individually and d/b/a R. E. Box Construction & Equipment Company**

**v.**

**BOILERMAKER NATIONAL HEALTH AND WELFARE FUND, E. M. Halkyard and David L. Lewis, Trustees.**

**R. E. BOX Individually and d/b/a R. E. Box Construction & Equipment Company**

**v.**

**BOILERMAKER–BLACKSMITH NATIONAL PENSION TRUST, Russell A. Bergemann and David L. Lewis, as Trustees.**

**I Div. 53, 53–A.**

Court of Civil Appeals of Alabama.

Oct. 6, 1971.

Kilborn, Darby & Kilborn, Mobile, for appellant.

Wm. C. Taylor, Mobile, for appellees.

BRADLEY, Judge.

The appeals in 1 Div. 53 and 53–A have been consolidated here as they were consolidated in the trial court, for the reason that the issues of fact and law are the same.

The matter arose as the result of suits being filed by appellees to collect moneys allegedly due them under a collective bargaining agreement. Appellees sued as third party beneficiaries to that agreement.

Appellees, on August 1, 1969, filed separate complaints naming R. E. Box Steel Erection Company as defendant. Both complaints were amended on August 6, 1970 by adding two counts and changing the name of the defendant to read, "R. E. Box, individually and d/b/a R. E. Box Construction Co., and R. E. Box Construction and Equipment Co." Then, on September 17, 1970 the complaint was again amended by re-labeling the defendant as: "R. E. Box, individually and d/b/a R. E. Box Construction Co., and R. E. Box, individually and d/b/a R. E. Box Construction and Equipment Co." On December 3, 1970 a further amendment to the complaint was made by adding three additional counts. Finally, on April 16, 1971 the caption of the complaint was again changed to list the defendant as: "R. E. Box, individually and d/b/a R. E. Box Construction and Equipment Co."

To each amendment of the complaint, except the one made on December 3, 1970, appellant timely filed a Motion for Discontinuance which alleged that each amendment worked a complete change of parties defendant. The motions were denied.

The matter was tried by the court without a jury. At the trial appellant and appellees stipulated as to what the amount of damages would be should the court find in favor of appellees. The court found in favor of appellees and fixed the damages in the amounts stipulated, i. e., $5,384.50 and $8,076.75 respectively.

The appellant appeals each judgment to this court and assigns seventeen grounds of error in each case. The assignments are identical in each case and can be consolidated also. The assignments present two issues for decision: (1) that the trial court erred when it denied appellant's motions for discontinuance; and (2) that the court erred in entering judgment for appellees on the stipulated facts for the reason that 29 U.S.C. Section 186, prohibits appellees from collecting amounts allegedly due in accord with the collective bargaining agreement where there has been no compliance with said section of the U. S. Code.

A brief review of the facts in the case as gleaned from the pleadings and stipulation will help elucidate the issues presented to us.

On August 26, 1968 a collective bargaining agreement was entered into by the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, and R. E. Box Construction Company.

The agreement provided that Box, as an employer, would make certain contributions to various union health, welfare and pension funds.

According to the complaint, the employer had not paid into the various funds the amount of money called for in the agreement previously entered into by the employer.

Appellant argues under the first issue that a complaint cannot be amended so as to work a complete change of parties defendant.

This is true. Our Supreme Court has held that Title 7, Section 239, Code of Alabama 1940, as Recompiled 1958, which regulates amendments, is to be liberally construed, but it also said that such construction cannot be extended so as to work an entire change of parties. Ex parte Woodward Iron Company, 277 Ala. 133, 167 So. 2d 702.

The Supreme Court then said, in Springer v. Sullivan, 218 Ala. 645, 119 So. 851, that:

"If an error is made in the name of a party, it may be corrected by an amendment. Whether the amendment introduces a new party, or relates to the same party by a different name, is a question of fact for the court to determine."

By its ruling, the trial court obviously decided the factual question in favor of appellees, and the effect of such ruling was to decide that no new party defendant had been brought into the case by the amendments, but that the same party was being described by a different name.

This situation is somewhat similar to that found in Ex parte Nicrosi, 103 Ala. 104, 15 So. 507, where the defendant was originally described as "The Roswald grocery Company, a corporation," and later there was an attempt by the plaintiff to amend the complaint to show the defendant as "Esther Roswald, * * * doing business * * * under the name and style of 'the Roswald Grocery Company * * *' "

The Supreme Court, in upholding the proposed name change of the defendant in *Nicrosi*, said:

" * * * It is a matter of description, a change of which does not affect the identity of the party sought to be described, but only gives accuracy and certainty to it."

The defendant in this lawsuit was and is R. E. Box. The appellees were merely attempting to describe the trade name under which he was operating at the time of suit. The question of whether there was a corporate entity or a partnership arrangement was not presented in this case—just a correct description of the trade operations of the individual defendant.

We cannot say that the trial court's denial of appellant's motions for discontinuance was plainly and palpably erroneous, which we would have to do if we decided contrary to his decision.

■ The appellant, in arguing the merits of the second issue presented to us for decision, contends that the stipulation shows that appellees were not represented on the pension fund or trust fund, " * * * nor was there any neutral person not representing the employer or the employees on the Trust, or the Fund."

Appellant also says that he cannot be required to make payments of any kind as were authorized by the collective bargaining agreement because 29 U.S.C.A. Section 186(c) (5) requires that the employer be equally represented on the administering agency of the funds, together with such neutral persons as the representatives of the employer and employees may agree upon.

29 U.S.C.A. Section 186(c) (5) and (B) provide:

"(5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents) : * * * (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally repre—

sented in the administration of such fund, together with such neutral persons as the representatives of the employers and the representatives of employees may agree upon and in the event the employer and employee groups deadlock on the administration of such fund and there are no neutral persons empowered to break such deadlock, such agreement provides that the two groups shall agree on an impartial umpire to decide such dispute, or in event of their failure to agree within a reasonable length of time, an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office, * * *."

In Employing Plasterers' Assn., etc. v. Journeymen, etc., 7 Cir., 279 F.2d 92, the U. S. Court of Appeals said:

"Employers have a statutory duty to refrain from making welfare fund contributions to 'representatives' of their employees unless the funds are administered as the statute provides. They are also charged with certain duties in the administration of such welfare funds to which they contribute. They must be a party to the written agreement which specifies the basis on which their contributions are to be made, and they are to share equally in the administration of the funds held in trust."

The pertinent part of the stipulation is as follows:

" * * * and the Plaintiffs agree that the Defendant was the employer of the employees for which contributions, for which suit has been brought and that he was not on the Boilermaker-Blacksmith National Pension Trust, or the Boilermaker National Health & Welfare Fund, nor was any neutral, not representing the employer or employees, on the Trust or the fund."

The collective bargaining agreement which was made a part of the stipulation as plaintiff's and defendant's Exhibit No. 1, also contained appendices (Appendices B & F) authorizing the establishment and administration of the two funds. More particularly, they provided that Box agreed to be bound by the Trust Agreement previously established; agreed to make the contributions to the welfare and pension funds; agreed that the committee representing the employers in the consummation of the collective bargaining agreement would be his agents in the establishment and administration of the funds; and further agreed that the chairman of the committee agreed upon as representing the employer shall have the authority on his behalf to appoint, elect or select Employer Trustees to administer the funds.

It is made quite clear in the appendices to the collective bargaining agreement that the employer—R. E. Box—designated certain persons as his representatives, to do whatever was required by the trust agreement so far as the administration of the two funds was concerned, and that included the selection of employer trustees.

The effect of the stipulation was that Box nor any of his employees were amongst the trustees of the two funds, and that he had no representatives on the funds, but the effect of Exhibit No. 1 was that Box had designated certain persons to be his representatives in the administration of the two funds.

It was held in Waugaman v. Skyline Country Club, 277 Ala. 495, 172 So.2d 381, that:

"An exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading of which it is a part will control such pleading."

Analogizing the situation at bar with the above quoted principle, we are constrained to hold that the provisions of the Exhibit will prevail over those of the Stipulation should there be any question of a conflict in the provisions of one with the other.

We think that the appendices to the collective bargaining agreement clearly show that appellant had selected representatives to handle his affairs as they related to the two funds in question. Furthermore, we would point out that appellant had the burden of proving his defense, and it is our opinion that he failed to carry that burden. We therefore conclude that Section 186(c) (5) (B), supra, has been complied with sufficiently in this case to require appellant to make his agreed-to contributions to the two funds in question.

No reversible error having been argued, this case is affirmed.

Affirmed.