601 So.2d 465 (1992)
Gearlene HUGHES, d/b/a Hughes Realty and Hughes Realty of Clanton
v.
Ray K. COX, et al.
1900734.
Supreme Court of Alabama.
June 12, 1992.
Rehearing Denied July 10, 1992.
*466 Robert A. Huffaker and Jack B. Hinton, Jr. of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellant.
Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for appellees.
PER CURIAM.
Gearlene Hughes appeals from a default judgment entered against her in the amount of $629,000. The trial court denied Hughes's motion to set aside the default judgment, and this appeal followed.[1] Hughes argues that the default judgment is void because the complaint named her sole proprietorship as a defendant, not her individually, and, in the alternative, that the trial court abused its discretion in denying her Rule 55(c), Ala.R.Civ.P., motion to set aside the default judgment.
The record before us supports the following general statement of the facts, although we note that Hughes has not submitted anything in opposition to the plaintiffs' evidence. In January 1986, Ray and Karen Cox purchased a house from Thomas and Judith Duke. Hughes Realty Company was the selling agent, and City Finance of Clanton financed the purchase for the Coxes. The Coxes moved into the house in February 1986 and, around June 1986, noticed standing water outside the house. The Coxes contacted a man to come to the house and clean out the septic tank; however, when the man attempted to pump out the tank, he discovered that there was, in fact, no septic tank. Instead, a 500-gallon gasoline tank had been buried in the ground. The top of the tank had rusted and water was bubbling out of the top onto the ground.
The Coxes then discovered a large accumulation of liquid under the house. The liquid was raw sewage, and it had been seeping from under the house into their house through the walls. The man who had come to the house to clean the tank told the Coxes that the land on which their house was situated would not percolate and that, therefore, a septic tank could not be installed. There was also no sewage system, because the house was located in a rural area of Chilton County.
The Coxes and their one-year-old son, Matthew, began developing boils on their skin while living in the house, and they continued to develop these boils after leaving the house. Mrs. Cox was pregnant at the time the boils started to develop, and the child of this pregnancy, born after the Coxes had moved out of the house, also developed the same type of boils. After seeking medical attention, the Coxes were told by their doctor that an infection of staphylococcus aureus (staph) was causing the boils on their skin. The Coxes were treated with antibiotics, and the doctor advised them to clean everything in the house with bleach. They followed the doctor's instructions; however, the boils continued. The doctor then advised them to move out of the house because he thought it very likely that the raw sewage was causing their staph infections. The Coxes left the house in June 1986 and have made no payments on the note since that time.
On October 10, 1986, the Coxes, individually and on behalf of their son Matthew, filed a complaint against City Finance, the Dukes, and "Hughes Realty of Clanton, Alabama." The complaint alleged negligence, *467 wantonness, and fraud and misrepresentation with regard to the condition of the house, the condition of the soil as to whether it would percolate, and the existence of a septic tank. City Finance counterclaimed, but, after discovery and negotiations, both the claim against it and its counterclaim were dismissed by agreement of the parties. In January 1990, the claims against the Dukes were also dismissed by consent of the parties, and "Hughes Realty of Clanton, Alabama," remained as the only defendant.
The Coxes moved for an entry of default against Hughes Realty and, on April 3, 1990, the circuit court entered a default and scheduled a hearing on damages. The court held that hearing on May 3 and entered the following on the case action summary sheet:
"Plaintiffs present with attorney, hearing on damages on default. Defendant['s] name amended to conform to proof & since service was had on Geraldine [sic] Hughes to reflect Defendant, Geraldine [sic] Hughes, d/b/a Hughes Realty Company. Oral order entered. Written judgment to follow."
On June 27, 1990, the Coxes amended their complaint and substituted "Gearlene Hughes, d/b/a Hughes Realty or[2] Hughes Realty of Clanton" for "Hughes Realty of Clanton, Alabama" as the defendant. Service of the original summons and complaint had been made at the business premises of Hughes Realty and had been personally accepted by Gearlene Hughes. Similarly, a first amended complaint had been served on Hughes. However, Hughes was not served with a copy of the amended complaint naming her individually. The court entered a default judgment against Hughes on September 14, 1990, awarding $4,000 compensatory damages to Matthew Cox, through his father; $100,000 compensatory and $175,000 punitive damages to Ray Cox; and $150,000 compensatory and $200,000 punitive damages to Karen Cox.
On September 20, 1990, Hughes filed a motion to set aside the default judgment.[3] On November 1, the trial court held a hearing on that motion and, on December 21, 1990, entered an order denying it.[4] A notice of appeal was filed on February 1, 1991. The record was supplemented in August 1991 to reflect the timeliness of the order denying the post-trial motion, and the appeal was submitted thereafter.
Hughes argued in her motion to set aside the default judgment that, because the original summons and complaint had named "Hughes Realty of Clanton" as the defendant, without indicating whether Hughes Realty was a sole proprietorship, a partnership, or a corporation, she had no notice of being included as a defendant in this action. Hughes contends that because the action was not filed against a suable entity, but only against a trade name under which she did business, the complaint did not name her as a defendant. Hughes further argues that the Coxes' amendment to the complaint substituting "Gearlene Hughes, d/b/a Hughes Realty or Hughes Realty of Clanton," for "Hughes Realty of Clanton," was not sufficient to give her notice that she was a defendant in the action because she was never served a copy of the amended complaint. She contends that, for these reasons, the court never acquired jurisdiction over her and the judgment against her is void.
For a judgment to be void, the court rendering the judgment must have *468 lacked jurisdiction of the subject matter or of the parties, or have acted in a manner that was inconsistent with due process. Smith v. Clark, 468 So.2d 138 (Ala.1985). A motion challenging a judgment as void is not addressed to the discretion of the court. If the judgment is void, it must be set aside. Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978).
Hughes contends that the trial court lacked personal jurisdiction over her and further argues that May v. Clanton, 208 Ala. 588, 95 So. 30 (1922), requires this Court to hold that, as a matter of law, the default judgment entered against Hughes Realty was void and was due to be set aside. In May, Walter L. Clanton brought suit against the sheriff for wrongful execution on his personal property pursuant to a judgment that had been entered against "Home Steam Laundry" and not against him personally. The summons and complaint in the prior action had been personally served on Clanton, the manager (and, the Court assumed, the owner) of Home Steam Laundry. A default judgment had been entered against Home Steam Laundry. The trial court in Clanton's action against the sheriff "held the judgment in the former cause void and gave the general charge for plaintiff, leaving the jury to assess damages." This Court in May held:
"The record of the former action showed no judgment against the plaintiff in this. Plaintiff was not named as a defendant and there could be no judgment against him. This results, we think, from familiar principles. Had the former suit been brought against a suable entity, perhaps parol evidence would have been admissible to show his identity with this plaintiff. Tarleton v. Pollard, 25 Ala. 300, 60 Am.Dec. 515. But it does not appear that Home Steam Laundry was a suable entity. Home Steam Laundry was, we may assume, merely the name of a business conducted by plaintiff. Plaintiff was liable for all obligations incurred in the prosecution of that business; but, to enforce any such obligation, suit should have been brought against plaintiff in the only name by which he appears to have been known."
May, 208 Ala. at 589-90, 95 So. at 31.
The holding in May, however, is contrary to the principles of pleading established by the Alabama Rules of Civil Procedure. "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." Rule 1(c). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default," Rule 55(a), and the court proceeds under Rule 55(b) to enter a default judgment. "The adoption of the Alabama Rules of Civil Procedure was accompanied by the abolition of the harsh rules of pleading that had been followed by our courts." Williams v. Kasal, 429 So.2d 1008, 1010 (Ala.1983), citing B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979). The rules are designed to prevent preclusion of a viable claim or defense because of "technical inaccuracy in pleading." Prescott v. Thompson Tractor Co., 495 So.2d 513, 516 (Ala.1986).
The Rules of Civil Procedure are designed to give fair notice of the claim against the defendant. Simpson v. Jones, 460 So.2d 1282 (Ala.1984); Dempsey v. Denman, 442 So.2d 63 (Ala.1983); Carter v. Calhoun County Bd. of Educ., 345 So.2d 1351 (Ala.1977); Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663 (1975). Hughes personally received service of the complaint naming her sole proprietorship as a defendant, and that complaint gave her fair notice that a claim was being filed against her.
There is, moreover, a line of cases that is in conflict with May v. Clanton, supra. That line of cases begins with Ex parte Nicrosi, 103 Ala. 104, 15 So. 507 (1894). In Nicrosi, the defendant was originally named as "The Roswald Grocery Company, a corporation"; however, Nicrosi learned that the Roswald Grocery Company was not a corporation or a partnership, but was, instead, the name under which Esther Roswald *469 carried on a grocery business in the house she rented from Nicrosi. Nicrosi attempted to amend the complaint to read "Esther Roswald ... doing business ... under the name and style of `The Roswald Grocery Company.'" Nicrosi, 103 Ala. at 106, 15 So. at 507. The lower court did not allow the amendment. This Court granted Nicrosi's petition for a writ of mandamus, holding:
"[T]he Roswald Grocery Company, whatever it was, whether a partnership, a corporation, or an individual, assuming the name for the purposes of trade, was the party against whom or which the suit was instituted, has all along been prosecuted, and will be continued if and when the amendments moved for are allowed. There is, in other words, no question here as to the identity of the defendant, throughout all the proceedings which have been or may, in any proposed event, be had, being originally and at all times the same in the mind of the plaintiff. The entity which entered into the rental contract, which has enjoyed the shelter of plaintiff's house, which has failed to pay the agreed price therefor, and which is sought in this action to be coerced into payment thereof, is one and the same, whether it be a contractual entitya partnership, an artificial entitya corporation, or a personal entityan individual; and whether one or another of these entities, its name is the same'The Roswald Grocery Company'; and its liability is the same and enforceable by the same remedies. That entity, whatever its character or the source or manner of its being, was proceeded against originally in this case and brought before the court by attachment of its property. Once there, it was found that a mistake had been made, not as to the entity itself not as to the party suedbut merely in respect of describing what kind of an entity the party defendant was."
Id., 103 Ala. at 107, 15 So. at 507-08 (emphasis in original). The Court also held that the name change "is a matter of description, a change of which does not affect the identity of the party sought to be described, but only gives accuracy and certainty to it." Id., 103 Ala. at 108, 15 So. at 508.
By the Court's reasoning in Nicrosi, a complaint or a judgment against the Hughes Realty Company would be a complaint or a judgment against whatever entity was doing business in that name. Nicrosi has been followed by numerous other cases. For example, in First National Bank of Thomasville v. Gobey, 152 Ala. 517, 44 So. 535 (1907), the "Whatley Sawmill Company" was originally named in the complaint, but was subsequently amended to read "John R. Gobey, doing business ... under the name and style of Whatley Sawmill." Gobey, 152 Ala. at 520, 44 So. at 535-36. The Gobey Court held that this amendment did not work a change of the parties and was permissible under Nicrosi. Id.
In Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871 (1909), the action was initially brought against the "Manistee Mill Company, a corporation," and was later amended to read "Vasting J. Herlong, doing business under the name of Manistee Mill Company." The Manistee Court held that the entity being sued was the "Manistee Mill Company, and [that] whether it [was] a corporation, a copartnership, or a name assumed by an individual is a matter merely of description, as to which an amendment may be made without changing the parties to the suit." Manistee Mill, 165 Ala. at 416-17, 51 So. at 873. See also Ewart v. Cunningham, 219 Ala. 399, 122 So. 359 (1929); Ex parte Whitt, 238 Ala. 33, 189 So. 71 (1939); Birmingham Coca-Cola Bottling Co. v. Sellers, 34 Ala.App. 355, 39 So.2d 706 (1949); Capital Transp. Co. v. Alabama Public Service Comm'n, 268 Ala. 416, 108 So.2d 156 (1959).[5]
In Springer v. Sullivan, 218 Ala. 645, 119 So. 851 (1928), this Court held that *470 when an error is made in the naming of a party, the error may be corrected by an amendment and that whether the amendment introduces a new party to the action or merely refers to the same party by a different name is a question of fact to be determined by the court. Springer, 218 Ala. at 646, 119 So. at 852. The Alabama Court of Civil Appeals applied this principle in Box v. Boilermaker National Health & Welfare Fund, 47 Ala.App. 266, 253 So.2d 326 (1971). In Box, the plaintiffs originally filed separate complaints naming R. E. Box Steel Erection Company as the defendant. The complaints were amended three times over a period of two years to finally read: "R. E. Box, individually and d/b/a R. E. Box Construction and Equipment Co." Box, 47 Ala.App. at 267, 253 So.2d at 328. The court held that the trial court had factually decided that no new party was added by the amendments, but rather that the same party was being described by a different name. Id. The court went on to say: "The defendant in this action was and is R. E. Box. The [plaintiffs] were merely attempting to describe the trade name under which he was operating at the time of the suit." 47 Ala.App. at 268, 253 So.2d at 328.
Under the rule of the Nicrosi line of cases, the change from Hughes Realty of Clanton to Gearlene Hughes, d/b/a Hughes Realty did not work a change of the party defendant. As in Nicrosi, the Coxes had merely misdescribed the party with regard to its status. The fact that they did not refer to it as a corporation or a partnership in the original complaint does not distinguish this case from Nicrosi. There was no question as to the identity of the defendant, because Hughes Realty was merely the name under which Hughes did business, and as the sole proprietor she "own[ed] all the assets of the business ... [and was] solely liable for all the debts of the business." Black's Law Dictionary 1392 (6th ed. 1990). The change in the present case was also only "a matter of description ... which [did] not affect the identity of the party sought to be described, but only [gave] accuracy and certainty to it." Nicrosi, 103 Ala. at 108, 15 So. at 508.
The purpose of service is to notify the defendant of the action that is being brought against him. Goodall v. Ponderosa Estates, Inc., 337 So.2d 726 (Ala.1976). Hughes personally accepted the original service and the first amendment to the complaint adding counts five, six, seven, and eight. Because she was the owner of Hughes Realty and because the complaint set forth the nature of the relief demanded, the circumstances were such as to give Hughes notice that she was the individual intended to be sued. It was incumbent upon her to appear and answer that she had been incorrectly named in the complaint, if she believed that was the case. Under the reasoning of the Nicrosi line of cases, the failure to serve Hughes with the amended complaint did not deprive the court of jurisdiction over her. The amendment did not change the nature of the suit, nor did it add any new parties to the action.
In DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala.1990), the trial court denied Ray DaLee's motion under Rule 60(b)(1), Ala.R.Civ.P., for relief from a default judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. This Court affirmed, rejecting DaLee's argument that his neglect to answer the complaint was excusable because, when he received a summons and complaint against "Ray Dalee, d/b/a Dura-Built Homes," he did not realize that he could be held individually liable. DaLee acknowledged that the corporation, Dura-Built Homes, Inc., could be held liable for the alleged debt, but he denied that he should be held individually liable. For "the duty of a party when legal process is duly served upon him," this Court quoted the following from McDavid v. United Mercantile Agencies, 248 Ala. 297, 301, 27 So.2d 499, 503 (1946):
"`It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised *471 such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied. Little v. Peevy, [238 Ala. 106, 189 So. 720 (Ala.1939) ].
"`Courts cannot act as guardian for parties who are grossly careless of their own affairs. All must be governed by the laws in force, universally applied, according to the showing made.
"`If judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.'"
DaLee, supra, 561 So.2d at 1091 (brackets in DaLee).
DaLee is not squarely on point with this case, because Ray DaLee was served with a complaint that named him individually as a defendant. Thus, he did not make the jurisdictional argument now made by Hughes, but argued only that he should not be held liable for the corporate debt and that he should be relieved from the default judgment under Rule 60(b)(1). Nevertheless, DaLee's reasoning is persuasive on the point that one doing business in a trade name has fair notice that a complaint alleging a cause of action arising out of his business may lead to personal liability.
In United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir.1947), the court stated:
"A suit at law is not a children's game but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands what is meant ... it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."
The trial judge's order denying Hughes's motion to set aside the default judgment stated that Gearlene Hughes knew or should have known that she was required to appear and defend the action when she was personally served with the original complaint against Hughes Realty of Clanton. Because Hughes was the sole proprietor of Hughes Realty and because she personally accepted service of the summons and complaint, she was sufficiently apprised of the fact that she was being sued for actions taken in the course of her business, and the failure to serve Hughes the amended complaint did not deny the trial court jurisdiction over her.
Under this Court's holding in May v. Clanton, however, a default judgment entered against a trade name was void. That rule was impliedly overruled by the later cases in the Nicrosi line of cases, and particularly by the adoption of the modern pleading rules in the Rules of Civil Procedure. Certainly, given the developments in the law over the 70 years since this Court decided May, and the law prevailing at the time Hughes received service in this action, she could not reasonably have relied on May to believe that she would not be subject to liability if the action naming her sole proprietorship as a defendant proceeded to a default judgment. Having considered the question fully, we affirmatively hold that a judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint. Absent a statute to the contrary, an individual has the right to be known by any name that he chooses, and a judgment entered for or against that individual in either an assumed name or a trade name is valid. See 49 C.J.S. Judgments § 75, p. 197 (1947).
The law of other jurisdictions supports the proposition that a judgment rendered against a person in an assumed name or trade name is not void. In Eslinger v. Herndon, 158 Ga. 823, 124 S.E. 169 (1924), a judgment was entered against the Herndon Motor Company, and an execution was levied upon the goods of E. O. Herndon. *472 Herndon filed a petition to enjoin the sale of his goods under the levy, claiming that he was not the defendant in execution. At trial the evidence revealed that E. O. Herndon did business under the trade name "Herndon Motor Company." A summons of garnishment was directed to Herndon Motor Company and was personally served upon Herndon. Herndon did not answer the summons, and a default judgment was entered against Herndon Motor Company. The trial court held that the judgment against Herndon Motor Company was void because the company was neither a corporation nor a partnership and that, because Herndon was not sued, he was not liable for the judgment against Herndon Motor Company. Eslinger, 158 Ga. at 826, 124 S.E. at 170. The Georgia Supreme Court reversed the lower court's decision, holding that the action was against a legal entity and natural person because the defendant was a real person doing business under a trade name and was sued under that trade name. 158 Ga. at 827, 124 S.E. at 171. The court further held that the proceedings could have been amended to name "Herndon, doing business as Herndon Motor Company" and that, under such an amendment, no new party would have been added or substituted. The amendment would have been the simple correction of a name. Id. Because E. O. Herndon was doing business under a trade name and because he was personally served with the summons of garnishment directed to Herndon Motor Company, the judgment was not a nullity and was "binding on Herndon, who was the real person to whom the summons was directed." Id; see also Becker v. Truitt, 170 Ga. 757, 154 S.E. 262 (1930) (judgment entered against a person in assumed or trade name not void).
In McCall v. Kliros, 76 Ga.App. 89, 45 S.E.2d 72 (1947), the Georgia Court of Appeals held that a judgment entered against an individual in an assumed or trade name is not void, but is rather a judgment against him as an individual. In McCall, a judgment was entered against "College Tavern." The return of service read: "I have this day served Summons of Garnishment... on College Park [sic] Tavern by serving same on Mrs. Helen McCall...." 76 Ga.App. at 90, 45 S.E.2d at 73. The court held that the amendments to the judgment and the entry of service making the judgment and the entry of service read "Mrs. Helen McCall, trading as College Tavern" "was harmless, even where the amendments were allowed at a term subsequent to that at which the judgment was rendered." 76 Ga.App. at 90, 45 S.E.2d at 74. Also, the Georgia Court of Appeals in Samples v. Mutual Insurance Co., 110 Ga.App. 297, 138 S.E.2d 463 (1964), held that "`[a]n undertaking by an individual in a fictitious or trade name is the obligation of the individual." 110 Ga.App. at 299, 138 S.E.2d at 465. A trade name is "merely a name assumed or used by a person recognized as a legal entity," and a judgment against the trade name is the same as a judgment against that person as an individual. Id.
In Janove v. Bacon, 6 Ill.2d 245, 128 N.E.2d 706 (1955), the Illinois Supreme Court stated that when a summons is personally served upon an individual and the circumstances indicate that the individual was the person that was intended to be sued, then that person is subject to the judgment even if the process and the judgment do not refer to the individual by his or her correct name.
In Aman Collection Service, Inc. v. Burgess, 612 S.W.2d 405 (Mo.App.1981), Wheat Growers Association filed an action against "Dako Products Company" in South Dakota based on a contract it had made with "Robert V. Burgess, Dako Products Company." Burgess was personally served with a copy of the summons and complaint in his business office in Missouri. The South Dakota court entered a default judgment against Dako Products Company. The plaintiff attempted to register the judgment in Missouri as against "Robert V. Burgess, d/b/a Dako Products Company." Burgess filed a motion for summary judgment, arguing that he was not a defendant in the South Dakota action and was, therefore, not liable on the judgment. Aman, 612 S.W.2d at 406-07. The trial court held that Burgess was personally liable on the *473 judgment and entered a summary judgment for the plaintiff. Id. at 407.
The court of appeals affirmed the lower court's decision and held that when a "party defendant is personally served with process, even though in the wrong name, he is obligated to appear and call attention to the defect. If he fails to do so and allows judgment to go against him by default, the misnomer is waived." Id. at 408. The court also stated that "[w]hen summons is actually served on the right individual by the wrong name, the error becomes immaterial because he has notice of the suit, and may appear if he choose and plead a misnomer." Id. (quoting Ohlmann v. Clarkson Sawmill Co., 222 Mo. 62, 120 S.W. 1155 (1909)). The court found that Dako Products Company was merely a trade name under which Robert V. Burgess conducted business and that they were one and the same. Aman, 612 S.W.2d at 408-09. See also Winters v. Lewis, 260 Ark. 563, 542 S.W.2d 746 (1976); Hartley v. Jerry's Radio & Electric Shop, 74 S.D. 87, 48 N.W.2d 925 (1951); Lawrence-Leiter & Co. v. Patel, 802 S.W.2d 549 (Mo.App.1991).
To the extent that May v. Clanton, 208 Ala. 588, 95 So. 30 (1922), held that a judgment entered against a trade name under which an individual does business is void even when the individual is personally served with the summons and complaint, May was overruled by implication by subsequent developments, such as the later cases following Nicrosi, and especially by the adoption of the Alabama Rules of Civil Procedure. We hold that the default judgment in this case was not void and, therefore, that it was not due to be set aside under Rule 60(b)(4).
Hughes also challenged the default judgment on the ground that the trial court abused its discretion in denying Hughes's motion to set aside the default judgment pursuant to Rule 55(c), Ala. R.Civ.P. That rule vests a trial judge with broad discretionary authority when determining whether to set aside a default judgment. Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988). A trial court, when exercising its discretionary power to grant or deny a motion to set aside a default judgment, "should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court." Kirtland, 524 So.2d at 605. Therefore, the trial court's exercise of its discretionary power "should be resolved in favor of the defaulting party where there is a doubt as to the propriety of the default judgment." Id. at 604.
In Kirtland, supra, this Court established three factors that a trial court should consider when exercising its broad discretionary authority under Rule 55(c). This three-factor analysis is applicable to the present case and is set out in Kirtland as follows:
"1) whether the defendant has a meritorious defense;
"2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and
"3) whether the default judgment was a result of the defendant's own culpable conduct."
Kirtland, 524 So.2d at 605.
For the reasons discussed above, Hughes's argument that the complaint did not name her as a defendant does not present a meritorious defense. This argument was the only basis for her motion to set aside the default judgment. In her brief on appeal she makes arguments directed to the merits of the fraud claim, but, because these arguments were not presented to the trial court, they present no basis on which to reverse the denial of the Rule 55(c) motion. See DaLee, supra; Kirtland, supra. Because Hughes has not shown a meritorious defense, the trial court did not err in denying the motion to set aside the default judgment insofar as the motion may be considered a Rule 55(c) motion.
Because there was no error in denying the motion, either insofar as it attacked the judgment as void or insofar as it invoked the trial court's exercise of its discretion under Rule 55(c), the judgment is affirmed. May v. Clanton, 208 Ala. 588, 95 So. 30 (1922), is expressly declared to have been overruled by implication.
AFFIRMED.
*474 HORNSBY, C.J., and MADDOX, ALMON, SHORES, KENNEDY and INGRAM, JJ., concur.
HOUSTON and STEAGALL, JJ., dissent.
HOUSTON, Justice (dissenting).
If this suit had been filed against "Gearlene Hughes, d/b/a Hughes Realty of Clanton, Alabama," and a summons and complaint had been served on Gearlene Hughes, I would vote to affirm this judgment on the authority of DaLee v. Crosby Lumber Co., 561 So.2d 1086 (Ala.1990). However, the defendant named in this case was "Hughes Realty of Clanton, Alabama," and the sheriff's return showed that "Hughes Realty" was served by delivering the summons and complaint to "Hughes Realty and Gearlene Hughes." Whether an efficacious judgment could have been obtained against Gearlene Hughes in a suit against "Hughes Realty of Clanton, Alabama," a trade name, is really first resolved by the majority opinion in this case. Therefore, I cannot hold that the default judgment against Gearlene Hughes was a result of culpable conduct on the part of Gearlene Hughes in failing to file a responsive pleading to a suit against the trade name "Hughes Realty of Clanton, Alabama." Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala.1988).
Hereafter, the principle announced in DaLee v. Crosby Lumber Co., supra, may apply if an individual is sued in the trade name under which he or she conducts his or her business. However, I am not persuaded that the point has been reached in the case at issue where the interest of the court in controlling its calendar and the interest in preventing risk to the plaintiffs outweigh the interest of disposing of the litigation on the merits. See Nash v. Cosby, 597 So.2d 209 (Ala.1992) (Houston, J., concurring specially).
Therefore, I dissent.
NOTES
[1] Hughes's appellate counsel is not the same as her trial counsel who filed the motion to set aside the default judgment.
[2] Later filings, including the notice of appeal, have used "and" instead of "or."
[3] Insofar as that motion argued that the default judgment was void, we will construe it as a motion under Rule 60(b)(4), Ala.R.Civ.P.; insofar as it sought to have the default judgment set aside on other grounds, we will construe it as a motion under Rule 55(c), Ala.R.Civ.P.
[4] At the November 1 hearing the Coxes and Hughes expressly agreed to extend the 90-day period under Rule 59.1, Ala.R.Civ.P., to allow the trial judge to defer ruling on Hughes's post-judgment motion while the parties attempted to reach a settlement. Sometime after December 3, 1990, the parties informed the trial judge that they were unable to reach a settlement, and he ruled on the motion on December 21, 1990. Although this order was entered 92 days after Hughes's motion was filed on September 20, 1990, the December 21 order was not untimely, because the parties had expressly consented to an extension of time under Rule 59.1.
[5] But see Deason v. Alpine Coal Co., 22 Ala.App. 254, 114 So. 423 (1927); May v. Dothan Buick Co., 243 Ala. 37, 8 So.2d 448 (1942); Gordon v. Hailey & Bumpass, Contractors, Inc. 273 Ala. 254, 139 So.2d 296 (1962). See generally Wm. R. King, "Alabama PleadingChange in Party's Designation by Amendment: Is This an Entire Change of Parties?" 15 Ala.L.Rev. 67 (1962).