JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The majority’s principle criticism of Martin’s suggestion that Donald Becker and Don’s Westland Bulk be treated as one and the same is that Martin has failed to provide authority for doing so. Therefore, this opinion provides that authority.
In A-Z Equip. Co. v. Moody (Ill. App. Ct. 1980), 410 N.E.2d 438, the plaintiff sued Ken Moody Masonry Company in order to recover rental payments due for certain leased equipment and damages resulting from the alleged conversion of that equipment. The summons was served on a secretary at Ken Moody’s place of business. When Moody failed to appear and answer the complaint, a default judgment was entered. Subsequent to the entry of judgment, it was learned that defendant was not a corporation, but a sole proprietorship owned and operated by Kenneth Moody. Pursuant to plaintiff’s motion, the judgment was amended to describe the defendant as Kenneth Moody d/b/a Ken Moody Masonry Company.
After execution began on Moody’s property, he filed a motion to quash the service of summons. That motion was granted by the trial court, which held that the default judgment was, thereafter, void ab initio. The Appellate Court of Illinois reversed the trial court order for the following reason:
[W]here a summons is served upon defendant personally, and the circumstances are such as to indicate that he is the person intended to be sued, then he is subject to the judgment, even though the process and the judgment do not refer to him by his correct name. (Janove v. Bacon (1955), 6 Ill.2d 245, 249-50, 128 N.E.2d 706.) Regarding the issue presented in this matter, our Supreme Court has stated:
“Names are nothing. The gist of the matter is, were the parties in interest actually served.... [I]fthe writ is served on a party, by a wrong name, intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation *471 may be connected with the suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein.” Pond v. Ennis (1873), 69 Ill. 341, 344-45.
We feel it evident that this defendant was aware that Ken Moody and the Ken Moody Masonry Company were one and the same individual. Accordingly, the trial court erred when it granted defendant’s motion to quash the summons and vacate the default judgment.
A-Z Equip., 410 N.E.2d at 440-41 (emphasis added).
In Hughes v. Cox (Ala. 1992), 601 So. 2d 465, the plaintiffs filed a complaint naming “Hughes Realty of Clanton, Alabama” as a defendant. Default judgment was entered against that defendant, and at the hearing on damages the caption was amended to substitute Gearlene Hughes d/b/a Hughes Realty as the proper party defendant. Although Gearlene Hughes had been served with the original complaint, she was not served with the amended complaint. Nevertheless, subsequently the district court entered default judgment against her. Hughes’ motion to set aside the default judgment was denied, and that order was affirmed on appeal to the Supreme Court of Alabama.
On appeal, Hughes contended that because the action was not filed against a suable entity, but only against a trade name under which she did business, the complaint did not name her as a defendant, and that because she was never served with the amended complaint, the district court never obtained jurisdiction over her, and therefore, the judgment was void. Hughes relied on a prior decision by the Alabama Court in May v. Clanton (1922), 95 So. 30, in which the court held that a judgment entered against the trade name of a sole proprietorship cannot be enforced by execution against the sole proprietor.
The Alabama court, however, reversed May for the reason that:
The holding in May, however, is contrary to the principles of pleading established by the Alabama Rules of Civil Procedure. “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.” Rule 1(c).... The rules are designed to prevent preclusion of a viable claim or defense because of “technical inaccuracy in pleading.” Prescott v. Thompson Tractor Co., 495 So.2d 513, 516 (Ala.1986).
Hughes, 601 So. 2d at 468.
*472 The Alabama Court held that since Hughes had personally received service of the complaint naming her sole proprietorship as a defendant, she had received fair notice that a claim was being filed against her. Citing other Alabama decisions, the Alabama Court concluded that:
By the Court’s reasoning in Nicrosi, a complaint or a judgment against the Hughes Realty Company would be a complaint or a judgment against whatever entity was doing business in that name....
... The change in the present case was also only “a matter of description... which [did] not affect the identity of the parties sought to be described, but only [gave] accuracy and certainty to it.”
... Under the reasoning of the Nicrosi line of cases, the failure to serve Hughes with the amended complaint did not deprive the court of jurisdiction over her. The amendment did not change the nature of the suit, nor did it add any new parties to the action.
... Having considered the question fully, we affirmatively hold that a judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint. Absent a statute to the contrary, an individual has the right to be known by any name that he chooses, and a judgment entered for or against that individual in either an assumed name or a trade name is valid. See 49 C.J.S. Judgments § 75, p. 197 (1947).
Hughes, 601 So. 2d at 469, 470, 471 (emphasis added; citation omitted; bracketed material in original).
The Hughes decision cites cases from other jurisdictions for its conclusion. They include Aman Collection Service, Inc. v. Burgess (Mo. Ct. App. 1981), 612 S.W.2d 405; Janove v. Bacon (Ill. 1955), 128 N.E.2d 706; Hartley v. Jerry’s Radio & Electric Shop (S.D. 1951), 48 N.W.2d 925; McCall v. Kliros (Ga. Ct. App. 1947), 45 S.E.2d 72; Eslinger v. Herndon (Ga. 1924), 124 S.E. 169. All of these decisions dealt with issues similar to the one presented in this case and arrived at a conclusion opposite to that reached by the majority.
Likewise, Donald Becker has the right to be known by, and deal with other businesses, under any name that he chooses. However, the courts of this State, and other jurisdictions, have a right to hold him accountable for his acts under those trade names that he assumes. I *473 would conclude, as did the Supreme Court of Alabama, that a judgment entered against Becker’s trade name is a judgment against Becker, at least so long as he was personally served with the complaint.
The majority cites no authority for its conclusion that even though Don’s Westland Bulk and Donald Becker are identical entities, a judgment against Don’s Westland Bulk cannot be enforced against Donald Becker. The majority opinion exalts form over substance which, as pointed out by the Supreme Court of Alabama, is the opposite of the result intended by our Rules of Civil Procedure.
The record in this case has not been fully developed because there was no evidentiary hearing prior to the District Court’s order denying Martin’s motion permitting it to execute against Becker. I would reverse the order of the District Corut and remand this case for further proceedings to determine whether Becker was, in fact, personally served prior to entry of default judgment against Don’s Westland Bulk in the Bankruptcy Corut for the Southern District of California. In the event that he was, I would hold that that judgment can be enforced against him personally by execution on his assets.