# *Ex Parte* Nicrosi.

*Application for Writ of Mandamus.*

1. *Amendment of attachment proceedings.*—Where, in an affidavit, bond and writ of attachment the defendant is described as "The Roswald Grocery Company, a corporation," it is permissible to amend the said affidavit, bond and writ, to comport with truth, so as to describe the defendant as "Esther Roswald, a married woman, doing business by the written consent of her husband, filed and recorded in the probate court, under the name and style of The Roswald Grocery Company;" there being no question as to the identity of the defendant, and the statute (Code, § 2998) allowing amendments to cure "any defect of form or substance," in attachment affidavits, bonds and writs.

This was a petition by D. M. Nicrosi, addressed to the Supreme Court, asking for a writ of *mandamus* to be issued to the Hon. John R. Tyson, Judge of the Second Judicial Circuit of Alabama, presiding over the circuit court of Montgomery county, commanding him to permit amendments of attachment affidavit, bond and writ, as moved for by petitioner in said circuit court.

TROY & WATTS for petitioner.—It is here asked to correct the description, the designation of "The Roswald Grocery Co." It was described in the original attachment, bond and writ as a corporation. The plaintiff now shows to the court that this description was incorrect—that the defendant is not a corporation, but is an individual, viz., Esther Roswald. There is no request to amend by striking out the defendant and to substitute another defendant, but there is simply a request to change the designation or description of the defendant already named. The Roswald Grocery Company was the defendant at the beginning, and, if this amendment be permitted, The Roswald Grocery Co. will still be the defendant, for it is alleged that Esther Roswald is only another name for the Roswald Grocery Co., and *vice versa*. Under section 2833, it has been

repeatedly held that the description or designation of the plaintiff or defendant may be changed, as well as the capacity in which he sues or is sued.— *Crimm v. Crawford*, 29 Ala. 626 ; *Smith v. Tallassee*, 30 Ala. 650 ; *Sims v. Jacobson*, 51 Ala. 186 ; *Williams v. Bowden*, 68 Ala. 126 ; *S. & N. A. R. R. Co. v. Small*, 70 Ala. 499 ; *Southern L. I. Co. v. Roberts*, 60 Ala. 431 ; *Evans v. Richardson*, 76 Ala. 329 ; *McCaskey v. Pollock*, 82 Ala. 174 ; *Beggs & Son v. Wellman*, 82 Ala. 391 ; *Clanton v. Engelhardt*, 83 Ala. 337 ; *West. Railway of Ala. v. Sistrunk*, 85 Ala. 352 ; *Lucas v. Pittman*, 94 Ala. 616 ; *Rosenberg v. Claflin Co.*, 95 Ala. 249 ; *Singer M. Co. v. Greenleaf*, 100 Ala. 272. The reason for such an amendment is greater, and the warrant for it more in accordance with justice under section 2998, than under section 2833.

JOHN G. WINTER and TOMPKINS & TROY, *contra*.—To permit this amendment to be made would, we insist, be to make an entire change of parties defendant. It would be, by way of amendment, suing out a new attachment. A writ of attachment has issued against a corporation. It is now proposed for the circuit judge, by an amendment, to authorize the clerk of the court to convert that writ into a writ of attachment against an individual. No new affidavit is made and no bond is given as a basis for a new writ of attachment, but it is sought to amend an affidavit setting up an indebtedness due by the corporation, into an affidavit setting up an indebtedness due by an individual; to substitute a bond payable to an individual in the place of a bond payable to a corporation, and to substitute a writ of attachment against the estate of an individual, for a writ of attachment against a corporation, under which writ of attachment certain goods have been seized as the property of the corporation. It might as well be claimed, that where suit has been commenced against John Jones, an amendment could be made striking out his name and inserting in lieu thereof Henry Smith as defendant. We say that under the most liberal construction of the statute of amendments this cannot be done.— *Western Railway v. McCall*, 89 Ala. 375 ; *A. U. T. Co. v. Doughtery*, 89 Ala. 191 ; *Davis Ave. R. R. Co. v. Mallon*, 57 Ala.

168; *Fowlkes v. M. & C. R. R. Co.*, 38 Ala. 310; *Otis v. Thorn*, 18 Ala. 395 ; *Western Railroad v. Davis*, 66 Ala. 578 ; *Bassett v. Fish*, 75 N. Y. 315; *Hall v. School District*, 36 Mo. App. 21 ; *Hunnicutt v. Stone*, 85 Ga. 435 ; 76 Ga. 76, 89.

The foundation of the original action is a contract made with a corporation. It is here sought to convert that into a suit on a contract made by an individual person. Such a change is not permissible. This court has held that where a contract is alleged to have been made with three persons as partners, there can be no recovery in such action on a contract proved to have been made by only two of such persons as such partners. That would be changing the cause of action, and the same principle is held elsewhere.—*Gamble v. Kellum*, 97 Ala. 677; *Davis v. Mayor &c.*, 14 N. Y. 527; *Bassett v. Fish, supra.*

McCLELLAN, J.—The petitioner, D. M. Nicrosi, made and filed in the circuit court of Montgomery, an affidavit for an attachment against The Roswald Grocery Company to enforce a landlord's lien for rent. In said affidavit, the attachment bond and in the writ of attachment the said company is described as a corporation, i. e., in each of these papers that company is referred to as "The Roswald Grocery Company, a corporation." It having developed that The Roswald Grocery Company was not in fact a corporation, nor even a partnership, but the name under and by which Esther Roswald, a married woman, having the right to engage in business, carried on a grocery business in the house rented from plaintiff, and which, through her agent, she signed to the notes for the rent sought to be recovered, the plaintiff moved for leave to file an amended affidavit and bond and to amend the attachment writ so that the words "Esther Roswald, a married woman, doing business by the written consent of her husband, filed and recorded in the probate court of Montgomery county, under the name and style of 'The Roswald Grocery Company' should appear in each in lieu of the words 'The Roswald Grocery Company, a corporation.' " The court denied this motion, and we are now asked to issue a writ of *mandamus* to the judge thereof directing the allowance of the proposed amendments.

[*Ex parte* Nicrosi.]

From this statement of the facts it is clear that the Roswald Grocery Company, whatever it was, whether a partnership, a corporation, or an individual assuming the name for the purposes of trade, was the party against whom or which the suit was instituted, has all along been prosecuted, and will be continued if and after the amendments moved for are allowed. There is, in other words, no question here as to the identity of the defendant, throughout all the proceedings which have been or may, in any proposed event, be had, being originally and at all times the same in the mind of the plaintiff. The entity which entered into the rental contract, which has enjoyed the shelter of plaintiff's house, which has failed to pay the agreed price therefor, and which is sought in this action to be coerced into payment thereof, is one and the same, whether it be a contractual entity— a partnership, an artificial entity—a corporation, or a personal entity—an individual; and whether one or another of these entities, its name is the same—"The Roswald Grocery Company;" and its liability is the same and enforceable by the same remedies. That entity, whatever its character or the source or manner of its being, was proceeded against originally in this case and brought before the court by attachment of its property. Once there, it was found that a mistake had been made, not as to the entity itself—*not as to the party sued*—but merely in respect of describing what kind of an entity the party defendant was. The motion to amend stated and confessed this mistake of description; the plaintiff averred and showed this mistake, and he asked to correct it. He in effect said to the court that, while he had sued the proper party, and had levied on the goods of the proper party, he had misdescribed that party, not indeed in respect even of the name of the defendant, but in respect solely of the status of that proper party as being an artificial instead of a personal entity. For surely the averment that The Roswald Grocery Company was a corporation is no part of the name of that company. It might as well be said that to aver that Jones & Smith is a partnership is to make the averment of partnership a part of the name "Jones & Smith," or that to sue "John Smith, a man," is to make the defendant's name, not John Smith only, but "John Smith, a man." And to omit such averments no more changes the name of the

corporation than of the partnership or the individual. It is not a question of name; and cases like *Western Railway of Alabama v. McCall*, 89 Ala. 375, have no bearing upon it. But it is a matter of description, a change of which does not affect the identity of the party sought to be described, but only gives accuracy and certainty to it. The case of *Western Railway of Alabama v. Sistrunk*, 85 Ala. 356, is, on principle, in point. The averment that a defendant is a corporation is there held to be descriptive of a named defendant, and not a part of the name itself, and that where this description had been omitted, it might be added without offense to the limitations upon our very broad statutes of amendments. Its addition did not change the party sued. Being merely descriptive, when it is at first stated by mistake, it is not conceivable how its elimination could make of that thing which it was incorrectly supposed to describe a different thing. To add it does not change the name— being no part of the name—and, it being already stated, to strike it out, can not. Being stricken out in this case the suit is against The Roswald Grocery Company. The further amendment is that this company is Esther Roswald and that she is engaged in business, rented this house, executed these notes and owes this debt under the name and style of "The Roswald Grocery Company;" or, in other words that she is and all along has been The Roswald Grocery Company for all the purposes of this suit. Obviously this part of the amendment, so far from operating a change of the sole party defendant, on its face demonstrates that she is the identical party originally sued under the name which she had assumed and borne throughout the transactions involved in the suit. The amendments should have been allowed. We feel that a different conclusion would be to emasculate our very liberal, and to be liberally construed, statute on the subject which requires the allowance of amendments to cure "any defect of form or substance" in attachment affidavits, bonds and writs, (Code, § 2998); and to do violence to the principles declared in *Railway Co. v. Sistrunk, supra*, and to the analogies furnished by the cases cited in the brief of petitioner's counsel, having reference to amendments as to parties in actions involving partnerships.

The application for *mandamus* will be granted.