MONROE, Judge.
The plaintiff appeals from the dismissal of a wrongful death case, which the trial court found was not filed within the two-year limi *99 tations period provided in § 6-5-410, Ala. Code 1975. On July 21,1991, Bobby Parks’s two-year-old son wandered from his yard, allegedly following some ducks that had landed there, to James Moore’s yard, where he drowned in a pond. On July 16,1993, Bobby Parks sued “James Moore d/b/a James Moore Paving Company” and 14 fictitious defendants for the wrongful death of his son. Moore filed a motion to dismiss and submitted an affidavit in which he stated that his residence contains the pond, and that his business, which is located across the road from his home, has no connection to his residence. On November 17, 1993, Parks filed an amended complaint in which he stated that he was “substituting James Moore, an individual, as a party defendant herein in place of fictitious party defendant[ ], No. 1” and sought “judgment against each of the defendants, jointly and severally, including fictitious party defendants.” On November 18, 1994, the motion to dismiss James Moore d/b/a James Moore Paving Company was granted.
Moore filed a motion to dismiss the amended complaint. The trial court granted the motion on January 17, 1996, holding that the amended complaint was not timely filed because Parks had failed to satisfy the requirements for allowing relation-back of the amended complaint under the rules of fictitious party pleading. Parks appealed the judgment to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Parks argues that the “trial judge misconstrued the obvious intent of the amendment to the complaint.” He asserts that, because, “[a]ll pleadings shall be so construed as to do substantial justice,” Rule 8(f), Ala. R. Civ. P., the trial court improperly applied the rules of fictitious party pleading. He asserts that the amended complaint should have been treated as a permissible amendment to a complaint pursuant to Rule 15(a), Ala. R. Civ. P., and that rather than adding a party, the amended complaint sought to “correct a misnomer.”
Section 6-5-410, Ala.Code 1975, provides an action for a wrongful death claim and provides a two-year statute of limitations. § 6-5-410(d). Parks filed the initial complaint within the limitations period and filed the amended complaint after the limitations period had expired. Parks contends that the amended complaint sought only to correct a mistake in the initial complaint by properly designating the defendant; however, on its face, the complaint states that it is substituting James Moore individually for “fictitious party defendant[ ] No. 1.” However, we note that “[t]he Rules of Civil Procedure are to be construed liberally to effect the purpose of the rules, and under the rule of liberal construction, every reasonable in-tendment and presumption must be made in favor of the pleader.” Brandon v. Humana Hospital-Huntsville, 598 So.2d 950, 951 (Ala.Civ.App.1992) (citations omitted).
We further note that, although the question of whether an amendment introduces a new party to the action or merely refers to the same party by a different name is a question of fact to be determined by the court. Hughes v. Cox, 601 So.2d 465, 470 (Ala.1992). However, the Rules of Civil Procedure are designed to prevent preclusion of a viable claim or defense because of “technical inaccuracy in pleading.” Id. at 468 (citing, Prescott v. Thompson Tractor Co., 495 So.2d 513, 516 (Ala.1986)). We believe that the viability of the amended complaint and the question of whether it should be deemed to relate back to the original complaint should be determined in light of the rule of law espoused in Ex parte Nicrosi, 103 Ala. 104, 15 So. 507 (1894), and its progeny.
In Nicrosi, the defendant was originally named as “The Roswald Grocery Company, a corporation.” Nicrosi later sought to amend the complaint to rename the defendant as “Esther Roswald ... doing business ... under the name and style of ‘The Roswald Grocery Company.’ ” Nicrosi, 103 Ala. at 106, 15 So. 507. The court did not allow the amendment, and Nicrosi petitioned the Supreme Court for a writ of mandamus directing the court to allow the amendment.
The Supreme Court granted the writ of mandamus, holding:
“[T]he Roswald Grocery Company, whatever it was, whether a partnership, a corporation, or an individual, assuming the *100 name for purposes of trade, was the party against whom or which the suit was instituted, has all along been prosecuted, and will be continued if and when the amendments moved for are allowed. There is, in other words, no question here as to the identity of the defendant, throughout all the proceedings which have been or may ... be had, being originally and at all times the same in the mind of the plaintiff. The entity ... is one and the same, whether it be a contractual entity — a partnership, an artificial entity — a corporation, or a personal entity — an individual.... That entity, whatever its character or the source or manner of its being, was proceeded against originally in this case and brought before the court.... Once there, it was found that a mistake had been made, not as to the entity itself' — wot as to the party sued — but merely in respect of describing what kind of an entity the party defendant was.”
Id., 103 Ala. at 107, 15 So. at 507-08.
The Supreme Court further held that the name change “is a matter of description, a change of which does not affect the identity of the party sought to be described, but only gives accuracy and certainty to it.” Id., 103 Ala. at 108, 15 So. at 508.
The rationale applied in Nicrosi has been followed in numerous cases, including the recent case of Hughes v. Cox, 601 So.2d 465 (Ala.1992), in which the Supreme Court held that an amendment to a complaint changing the defendant’s name from “Hughes Realty of Clanton” to “Gearlene Hughes, d/b/a Hughes Realty” did not constitute a change of the party defendant, but merely corrected the misdescription of the defendant. Hughes had been personally served with the original complaint on her business premises, but did not receive service of the amended complaint naming her individually. The lower court entered a default judgment against Hughes, and, on appeal, Hughes sought to have the judgment set aside on the ground of lack of personal jurisdiction.
The Hughes Court noted that the Rules of Civil Procedure are designed to give fair notice of the claim against the defendant and that Hughes had personally accepted service of the original complaint. Id. at 468, 470. Following Nicrosi, the Court determined that the circumstances were such as to give Hughes notice that she was being sued and held that the amendment did not change the nature of the action or add any parties to the action. Id. at 470. The Court stated, “there was no question as to the identity of the defendant, because Hughes Realty was merely a name under which Hughes did business.” Id. at 470. The Court further stated: “[W]e affirmatively hold that a judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint.” Id. at 471. See also, Box v. Boilermaker Nat’l Health & Welfare Fund, 47 Ala.App. 266, 253 So.2d 326 (1971) (holding that an amendment from “R.E. Box Steel Erection Company” to “R.E. Box, individually and d/b/a R.E. Box Construction and Equipment Co.” did not add or change the parties, but merely sought to accurately describe the named defendant).
In the present case, the original complaint named the defendant as “James Moore d/b/a James Moore Paving Company.” The amended complaint named “James Moore, an individual.” We believe that the same rationale applied in Hughes should apply here and that the erroneous intermingling with fictitious party practice did not change the nature of the pleading, which was to accurately describe the capacity in which James Moore, who had been timely named in the original complaint, was being sued. Like the individual in Hughes, Moore was served with the original complaint at his place of business, and thus was adequately notified that he was intended to be sued. Also as in Hughes, there was no question who the defendant was because James Moore Paving Company was merely a name under which Moore did business. Therefore, we believe that Moore received adequate notice that he was the party intended to be sued so that the amended complaint naming him individually should have been allowed to relate back to the time of the filing of the original complaint under Rule 15(c), Ala. R. Civ. P. Furthermore, the present situation, viewed in light of the Ni- *101 crosi line of cases, appears to be a situation justifying the allowance of a permissible amendment under Rule 15(a), Ala. R. Civ. P. Because we hold that the amendment should have related back to the timely filed complaint, the trial court erred in determining that the complaint against Moore was not filed within the period allowed by the statute of limitations and erred in dismissing Parks’s complaint as not timely filed. Therefore, the trial court’s judgment granting Moore’s motion to dismiss is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents.