Carol CARRIGAN, etc.,

v.

COLUMBUS REGIONAL HEALTH-
CARE SYSTEM, INC., et al.,
Defendants.

No. CIV.A. 02–A–939–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Nov. 20, 2002.

Michael Agnew, Agnew, Schlam & Bennett, P.C., Columbus, GA, Kenneth Leroy Funderburk, Funderburk, Day & Lane, Phenix City, AL, for Plaintiff.

James R. McKoon, Jr., Melissa B. Thomas, McKoon & Thomas, Phenix City, AL, Tabor R. Novak, Jr., Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on Motions to Dismiss (Doc. # 9, 20) filed by Defendant Columbus Regional Healthcare System, Inc., a Motion to Amend (Doc. # 10) filed by the Plaintiff, and a Response to Plaintiff's Motion to Amend Complaint and Motion to Dismiss Amended Complaint (Doc. # 21) filed by Phenix Healthcare Services, Inc.

The Plaintiff in this case is Carol Carrigan. She is the administratrix of the estate of Charles Carrigan. She originally filed her Complaint in the Circuit Court of Russell County, Alabama, bringing negligence claims arising from the death of her husband, Charles Carrigan, who died in July of 2000. The case was removed on the basis of diversity jurisdiction and no motion to remand was filed. The Plaintiff alleges that the Defendants negligently failed to diagnose or properly treat Charles Carrigan for a compromised cardiovascular system.

The Plaintiff originally identified as a defendant in this case Columbus Regional Healthcare System, Inc. d/b/a Phenix Regional Hospital, a/k/a Phenix Regional Healthcare. Process was served on Lance Duke, who is the registered agent for service of process for Columbus Regional Healthcare System, Inc. in Alabama. Lance Duke is also the registered agent for service of process in Alabama for Phenix Healthcare Services, Inc.

The Plaintiff seeks to amend the Complaint to name as separate Defendants Columbus Regional Healthcare System, Inc. and Phenix Healthcare Services, Inc.

## II. APPLICABLE STANDARDS

### A. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

## B. *MOTION TO AMEND*

The Federal Rules of Civil Procedure mandate that leave to amend a pleading should be freely given when justice so requires. *See* Fed. R. Civ. Pro. 15(a). Although leave to amend should be freely given, the Supreme Court has stated that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," are factors that contravene the liberal policy of permitting leave to amend a pleading. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## III. *DISCUSSION*

Rather than separately address the two pending motions, the court will address together those motions, where relevant, as they relate to each of the entities against whom the Plaintiff seeks to bring claims.

### A. Columbus Regional Healthcare System

As earlier stated, the Plaintiff originally named as a Defendant in this case Columbus Regional Healthcare System, Inc. d/b/a Phenix Regional Hospital, a/k/a Phenix Regional Healthcare. Since that time, the Plaintiff has sought to amend the Complaint to name this Defendant by its correct name, Columbus Regional Healthcare System, Inc ("Columbus").

The original basis for the Motion to Dismiss by Columbus was primarily that the Plaintiff had failed to serve this defendant. Columbus argued the summons and complaint were improperly served on Lance Duke. In its reply to the Plaintiff's response to the Motion to Dismiss, however, Columbus stated that it incorrectly stated in its previous submission that Lance Duke was not its registered agent when, in fact, Lance Duke is the registered agent for service of process for Columbus in Alabama. Therefore, the Motion to Dismiss is not due to be granted on this basis.

Columbus also argues, however, that the Motion to Amend filed by the Plaintiff is due to be denied and that it is due to be dismissed from the Complaint, because the Plaintiff has failed to establish that at the time of the events in question, Columbus was operating or owned Phenix Hospital, which is the hospital in which the relevant events are alleged to have occurred. Columbus states that, based on the submissions of the Plaintiff, it was only named in this case because the Plaintiff erroneously believed that it owned Phenix Regional Hospital.

The Plaintiff argues in her brief that Columbus had some control over Phenix Regional Hospital and that there are factual issues to be resolved regarding which party or parties had signed and participated in a relevant contractual arrangement. The Plaintiff apparently intends to pursue some avenue of recovery against Columbus. The court cannot accept Columbus's argument, therefore, that, based on the Plaintiff's Complaint, Phenix is the entity against which the Plaintiff seeks to proceed, not Columbus.

Columbus further argues that the statute of limitations bars the Plaintiff's claims

because Plaintiff's counsel failed to properly identify the Defendant at the commencement of the action. In support of this argument, Columbus cites *Baker v. Bennett*, 603 So.2d 928 (Ala.1992), in which the court stated that an action is not commenced for purposes of the statute of limitations if the plaintiff has manifested a lack of intent to serve the defendant promptly after filing. This argument is, however, based largely on Columbus' earlier contention, which it now concedes was erroneous, that it had not been properly served. Columbus also argues that there was a lack of intent to serve it because Plaintiff's counsel failed to properly identify the Defendant at the time of commencement of the action even though the information was known or could easily have been determined by him at the time the Complaint was filed. As Columbus was in fact properly served, however, · the court does not find the requisite lack of intent to serve the defendant promptly upon filing.

■ Finally, Columbus argues that the statute of limitations for filing the claim brought here cannot be extended under *Alabama Code* § 6–2–14, which provides an additional six months for actions to be commenced where there must be an appointment of letters testamentary. Columbus argues that this section does not apply to claims under the Alabama Medical Liability Act. The court need not reach this argument, however, if the claims against Columbus were timely asserted under the two-year statute of limitations.

The original Complaint was filed within the two-year statute of limitations, but it named Columbus incorrectly. Although the complaint named Columbus by the correct name, it also included an incorrect "d/b/a" name. The Plaintiff's proferred amendment corrects the name of Columbus. The Plaintiff argues that the Defendants have had notice of the Plaintiff's

claim and would not be prejudiced by Plaintiff's amendment to the Complaint.

In *Parks v. Moore*, 689 So.2d 98 (Ala. Civ.App.1996), the court addressed a wrongful death claim in which a plaintiff sought to substitute an individual for a defendant originally named as a "d/b/a" defendant. The court concluded that an amendment which merely sought to accurately describe the capacity in which the defendant was being sued, and in which the defendant had been adequately notified of suit through service upon him at his place of business, related back to the time of filing of the original complaint. *Id.* at 100.

In this case, Columbus was originally named, although with a "d/b/a" designation that was incorrect. Dropping the "d/b/a" designation, where the proper defendant was served with process, is within the *Parks* rationale. Therefore, the court concludes that the amendment relates back to the timely filed Complaint. The Motion to Dismiss filed by Columbus is, therefore, due to be DENIED, and the Motion to Amend is due to be GRANTED as to claims against Columbus.

B. Phenix Healthcare Services, Inc.

■ Phenix Healthcare Services, Inc. ("Phenix") argues that its identity was known to counsel for the Plaintiff before the original Complaint was filed because counsel for the Plaintiff previously had brought lawsuits on behalf of other plaintiffs against Phenix and had properly named Phenix in those cases. Phenix also argues that the amendment naming it is as a defendant is futile because the claims asserted against it are barred by the statute of limitations.

The events in question occurred on July 17, 2000 so, according to Phenix, the Plaintiff had until July 17, 2002 to file a Complaint against it, but did not file her Mo-

tion to Amend the Complaint to name Phenix separately as a Defendant until September 23, 2002. That motion did not comply with the local rule, and so the Plaintiff was given additional time to file, and on October 4, 2002 filed a supplement to the motion to amend.

The procedural history surrounding Phenix is somewhat different from the history surrounding Columbus as Phenix Healthcare Services, Inc. was not named in the original Complaint. The defendant originally named was Columbus Regional Healthcare System, Inc. d/b/a Phenix Regional Hospital, a/k/a Phenix Regional Healthcare. The Plaintiff now seeks to separately name Columbus and Phenix Regional Healthcare Services, Inc. When service of process was originally served, however, it was served on Lance Duke, who was the registered agent for service of process for Columbus Regional Healthcare System, Inc. in Alabama and also the registered agent for service of process in Alabama for Phenix Healthcare Services, Inc.

Phenix asserts that counsel for the Plaintiff learned of the correct identity of Phenix through separate litigation filed years earlier than this case. Although Phenix does not address the issue of relation back, it appears that Phenix is arguing that because the Plaintiff's attorney could have ascertained the correct name of the defendant, there can be no relation back.

The cases that the court has reviewed on the issue of knowledge of a defendant's identity, however, arose under facts where the Plaintiff learned the proper identity of a fictitious party through the events which formed the basis of the litigation at issue. *See, e.g., Walden v. Mineral Equipment Co.*, 406 So.2d 385 (Ala.1981). In this case, however, the Plaintiff incorrectly named an entity as one defendant, and should have named two separate entities, which shared the same agent for service of process. As the Alabama Court of Civil Appeals has explained, the rules of civil procedure are designed to prevent the preclusion of a viable claim because of technical inaccuracy in pleading. *Parks*, 689 So.2d at 99. This is not a case in which an entity was substituted for a fictitious party. The original complaint named Phenix Regional Hospital, albeit with an incorrect owner designation, and Phenix Regional Hospital is apparently owned by Phenix Regional Healthcare Services, Inc. Process was served on the agent for Phenix. Accordingly, the court must conclude that Phenix will not be prejudiced by the profferred amendment which corrects the technically inaccurate way in which Phenix was originally named in the Complaint. *Miles v. Whaley*, 155 F.R.D. 684, 687 (M.D.Ala.1994)(finding that amendment related back where there was no showing of prejudice to the defendant). Therefore, the Motion to Amend is also due to be GRANTED as to Phenix.

## IV. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. The Motions to Dismiss (Doc. # 9, 20) are DENIED.

2. The Motion to Amend (Doc. # 10) is GRANTED.

3. The Motion to Dismiss (Doc. # 21) is DENIED.

The Defendants are given until December 2, 2002 to file an Answer to the Amended Complaint.